[No. 16809.  Department Two.  April 11, 1922.]

THE STATE OF WASHINGTON, *Respondent,* v. FLOYD
WHITE, *Appellant.*[1]

NEW TRIAL (34)—GROUNDS—NEWLY DISCOVERED EVIDENCE.  It is
not an abuse of discretion to refuse a new trial in filiation pro-
ceedings on the ground of newly discovered evidence that the prose-
cutrix had given the name of another man as father of the child,
where it is shown that this was done to shield the defendant.

Appeal from a judgment of the superior court for
Columbia county, Miller, J., entered April 19, 1921,
upon the verdict of a jury rendered in favor of the
plaintiff, in proceedings to determine the paternity of
a child and for maintenance.  Affirmed.

*Leon B. Kenworthy,* for appellant.

*Hardy E. Hamm* and *A. F. Appleton,* for respondent.

HOVEY, J.—The appellant was adjudged to be the
father of an illegitimate child, in a proceeding brought
under the provisions of ch. 203, p. 709, Laws of 1919.
[Rem. Comp. Stat., § 1970.]  The case was tried to a
jury, and the court entered a judgment requiring the
payment of certain sums as provided in the act.

No useful purpose will be served by reciting the
evidence.  It is ample to sustain the judgment ren-
dered.

The question presented on this appeal is the refusal
to grant a new trial upon newly discovered evidence.

The parties live in Dayton, and the child was born
in Lewiston, Idaho, and after the judgment was ren-
dered, counsel for appellant discovered that the com-
plaining witness had given the name of a man other
than the appellant as the father of the child.  The

[1]Reported in 205 Pac. 838.

man bearing, the other name did not live in Dayton, but had resided for a short time in Walla Walla. The affidavits do not assert that the complaining witness was ever known to be in the company of the other man. Counter affidavits were filed by the state, in one of which the complaining witness says that she adopted the other name for the purpose of shielding the appellant, who was unmarried at the time, and in the hope that appellant would marry her. There are some inconsistencies in her statements which might influence the trial of the action, but the granting of a new trial is so much within the discretion of the trial court that we cannot say that the showing made would justify this court in interfering with the discretion as exercised in this case.

The judgment is affirmed.

PARKER, C. J., MAIN, and HOLCOMB, JJ., concur.