[No. 21475. Department One. January 10, 1929.]

# The State of Washington, *Respondent,* v. John Blight, *Appellant.*[1]

*Henry Clay Agnew,* for appellant.

*Ewing D. Colvin* and *R. M. Burgunder,* for respondent.

Beals, J.—An information was filed against the defendant and another charging them with the crime of robbery. On the trial the jury returned against the defendant a verdict of guilty as charged, and from a judgment on the verdict and sentence the defendant appeals.

[1] Reported in 273 Pac. 751.

■ Appellant assigns as error the admission of certain testimony given by a police officer, detailing a conversation between the witness and appellant, after appellant's arrest and while different persons were being taken into appellant's presence, for the purpose of possible identification of him as the man guilty of offenses recently committed in the vicinity. The witness stated that appellant had mentioned to him the fact that he had served a term in the state reformatory at Monroe, and that appellant would rather go to the "Wallas" than go back to the reformatory.

The objection urged to the question propounded to the witness was general, and no application was made to the court to strike the testimony to which appellant now objects. It is also true that other testimony was introduced from which it appeared that appellant had previously suffered imprisonment for some offense. This assignment of error is not well taken.

■ In the next place, appellant contends that the trial court erred in admitting in evidence, as state's Exhibit "A," a revolver found in appellant's room just after his arrest, and which one of the victims of the robbery identified as the gun held by the bandit who robbed them.

Appellant contends that this evidence should have been suppressed, and that its admission constitutes reversible error. At the close of the opening statement by counsel for the state, appellant's attorney moved to suppress any evidence concerning articles taken from the premises occupied by appellant at the time of his arrest, on the ground that no search warrant had been procured and no warrant of arrest issued. The court denied this motion, and the objection was later raised by appellant's counsel at the time the revolver was offered in evidence, the objection being then overruled and the evidence admitted.

It seems that, sometime prior to appellant's arrest, an order had been issued by an officer of the Seattle police department for appellant's arrest as suspect of the commission of an offense within that city. Pursuant to this "pick up" order, police officers went to appellant's room, and, entering therein, placed appellant under arrest. The officers then searched the room and found the revolver later admitted in evidence as Exhibit "A." It appears from the record that two victims of the robbery had, prior to appellant's arrest, identified his photograph as that of one of the men who had robbed them. Victims of other robberies had also identified appellant's photograph as that of their assailant.

A general order to members of the Seattle police department to arrest appellant, wherever found, was therefore fully justified, and the fact that no person had identified appellant's photograph to the particular officers who arrested him is immaterial.

The case of *State v. Britton,* 137 Wash. 360, 242 Pac. 377, 247 Pac. 9, in which case the defendant moved to suppress certain evidence, is in point. In that case the testimony showed that certain peace officers of Lincoln county notified the police department of Spokane to detain the defendant. It was held that this justified the police authorities of Spokane in detaining and examining the defendant, and that articles found upon his person were properly admitted in evidence on his trial as competent evidence against him.

Appellant relies on the case of *State v. Buckley,* 145 Wash. 87, 258 Pac. 1030, in which case this court held that certain articles could not properly be received in evidence against the defendant.

In that case, however, the search which resulted in the discovery of the articles offered preceded the ar-

rest, the finding of the articles being the cause of the defendant's apprehension.

In the case at bar appellant was arrested in his apartment, and we are satisfied that the revolver found therein after the arrest was properly admitted in evidence. *State v. Evans,* 145 Wash. 4, 258 Pac. 845. The search which resulted in the finding of the revolver was not made for the purpose of determining whether or not an arrest should be made, but was a search of appellant's living quarters, made after the arrest, and was entirely proper. The trial court denied the motion to suppress, upon the ground that the same was not timely made, but we do not discuss this proposition, as we believe the evidence was in any event properly received.

Appellant further contends that the trial court erred in denying appellant's motion for a new trial, which motion was based upon the contention that because of the conduct of his then counsel appellant had not had a fair trial.

In this connection it is sufficient to say that appellant was, on his trial, represented by an attorney of many years' experience; the granting or denying of appellant's motion for a new trial on the ground stated was largely within the discretion of the trial court, and we find nothing in the record which requires the reversal of the order of that court denying appellant's motion.

Judgment affirmed.

FULLERTON, C. J., MITCHELL, and TOLMAN, JJ., concur.