[No. 30563. *En Banc.* November 4, 1948.]

THE STATE OF WASHINGTON, *Respondent*, v. JAKE BIRD, *Appellant*.[1]

[1]Reported in 198 P. (2d) 978.

Jake Bird, pro se.

Patrick M. Steele, Martin L. Potter, and John B. Krilich, for respondent.

MILLARD, J.—Defendant was, by information, charged with the crime of murder in the first degree. The pertinent portion of the information reads as follows:

"That the said Jake Bird in the County of Pierce, in the State of Washington, on or about the 30th day of October Nineteen Hundred and forty-seven did then and there being unlawfully and feloniously while engaged in the commission of, or in withdrawing from the scene of, a burglary, kill and murder Bertha Kludt, a human being, by beating, chopping, cutting or bludgeoning her with an axe or other instrument, thereby mortally wounding the said Bertha

Kludt, from which mortal wounds, she, the said Bertha Kludt, did on the 30th day of October, 1947, die."

Trial to the jury resulted in a verdict finding defendant guilty as charged in the information, and that the death penalty shall be inflicted upon him. Defendant has appealed from the judgment and sentence entered against him upon the verdict. The cause is before us on a bill of exceptions, which contains so much of the record as appellant deems material to the review of the matters embraced within his appeal.

■ Appellant first challenges the information as insufficient for the reason that the degree of burglary, first or second, was not charged, and the information fails to state where the burglary was committed.

The question raised by appellant is foreclosed. The information is based on the statute (Rem. Rev. Stat., § 2392, subd. 3 [P.P.C. § 117-5]), which provides that the killing of a human being is murder in the first degree when committed by a person engaged in the commission of, or in an attempt to commit, or in withdrawing from the scene of, a burglary. The information satisfies the requirements of Rem. Rev. Stat., § 2065 [P.P.C. § 132-29], which reads as follows:

"The . . . information is sufficient if it can be understood therefrom,—

"(1) That it is entitled in a court having authority to receive; . . .

"(3) That the defendant is named, . . .

"(4) That the crime was committed within the jurisdiction of the court, . . .

"(5) That the crime was committed at some time previous to the . . . filing of the information, and within the time limited by law for the commencement of an action therefor;

"(6) That the act . . . charged as the crime is clearly and distinctly set forth in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended;

"(7) . . . the act . . . charged as the crime is stated with such a degree of certainty as to enable the court

to pronounce judgment upon a conviction, according to the right of the case."

For the first time in a brief filed in this court, the verdict and judgment were challenged on the ground that no one of appellant's race had been considered in the selection of the jury. On oral argument, appellant waived this assignment.

■ In the selection of the jurors, appellant's counsel challenged one for cause. Appellant assigns as error denial of that challenge, and also claims error in denial of the motion for a new trial, argued by his counsel on the same ground.

The challenged juror, when examined, stated, in effect, that, from what she had read in the newspapers, she had formed an opinion as to the guilt or innocence of appellant. When questioned by the court and appellant's counsel, the juror disclosed by her answers that she was an intelligent, informed juror, and that, notwithstanding any opinion she may have formed from reading the newspapers, she could and would render a fair and impartial verdict, according to the evidence. She answered in the affirmative the following question by appellant's counsel:

"Q. Now, isn't it true—let's suppose that you were charged with a crime here in this courtroom today and you had a juror in the box to try your case who had the same identical thoughts and opinions, heard just the same as you have heard, do you think you would want that kind of a juror to sit and try your case?"

We are convinced, from a reading of the record of examination of this challenged juror, that she was free of such bias or fixed opinion as would disqualify her from according the accused a fair and impartial trial guaranteed by the constitution and laws. Any opinion or impression this juror had was such as would naturally be entertained by anyone reading the newspapers. She admitted, in effect, that any opinion she entertained was tentative and had its origin in the newspaper accounts she had read, and that that opinion was not so fixed as would disable her from duly weighing the evidence. The trial judge heard the

answers of this juror and was in a better position than we to observe her attitude and demeanor. The assignment is without substantial merit. *State v. Patterson*, 183 Wash. 239, 48 P. (2d) 193.

■ Appellant next contends that his confession should not have been admitted in evidence, for the reason that it was made under the influence of fear produced by threats, and that he was physically abused to extract the confession from him. The statute (Rem. Rev. Stat., § 2151 [P.P.C. § 127-5]) provides that:

"The confession of a defendant made under inducement, with all the circumstances, may be given as evidence against him, except when made under the influence of fear produced by threats; but a confession made under inducement is not sufficient to warrant a conviction without corroborating testimony."

A fair reading of the confession is an answer to appellant's contention that the confession was made under the influence of fear produced by threats, or extracted from him by brute force. The confession recites that appellant was sworn by a notary public before he signed the confession, and that the confession was voluntary. There are two places in the confession where the typed statement was not in conformity to what the appellant deemed to be the truth. A line was drawn through each of these statements, and appellant initialed each of these deletions. It is clear from those corrections that appellant knew what he was doing, and that he had carefully read the confession and was satisfied with it as corrected. The testimony of four witnesses who heard the confession supports the position of the state that the confession was voluntary and was not made under the influence of fear produced by threats.

■■ There is no showing that the confession was made under the influence of fear produced by threats; therefore, it was the duty of the court to admit the confession in evidence. Where the evidence is in conflict on this point, the question is then one for the jury. *State v. Clark*, 21 Wn. (2d) 774, 153 P. (2d) 297. As to whether the jury was properly instructed as to the conditions under which the

confession was obtained, we are not informed; hence, it must be conclusively presumed that the court properly charged the jury on this phase of the case.

█ Appellant assigns as error denial of his motion for a change of venue because of local prejudice. While the assault committed upon the victim for the murder of whom appellant was convicted, was a brutal and atrocious one, and may have created considerable excitement in the community where the crime was committed, and while the newspaper accounts of that crime may have created some prejudice against the murderer, there is no showing that a situation had resulted which would prevent appellant from receiving a fair trial before an impartial jury. The language, as follows, in *State v. Schneider*, 158 Wash. 504, 291 Pac. 1093, 72 A. L. R. 571, is applicable in the case at bar:

"The trial court was in an excellent position to understand the situation, and his ruling upon such a question should not be disturbed upon appeal unless it clearly appears that an erroneous ruling was made, which, it must be presumed, resulted in prejudice to the accused. *State v. Schafer*, 156 Wash. 240, 286 Pac. 833. Careful consideration of the record upon this question satisfies us that the trial court did not err in denying appellant's motion for a change of venue."

█ Finally, appellant contends that the court erred in denying a motion of one of his counsel to be relieved from representing appellant; in permitting that reluctant counsel to act in appellant's behalf; and in allowing counsel to speak for appellant after counsel had requested that they be relieved from representing appellant. Also under this assignment is the contention of appellant that he was not given a fair trial, by reason of misconduct of his counsel in betraying confidence between client and attorney, in failing to call any witness without informing appellant that such was the strategy of counsel, and the injurious statement of one of appellant's counsel.

It is true that Mr. Selden did not desire to represent appellant, and requested that he be relieved from that duty. It is clear from a reading of that portion of the transcript

filed by appellant, in which the late Judge E. D. Hodge states the qualifications of Mr. Selden, that Judge Hodge exercised a sound discretion in requesting Mr. Selden to continue to serve. Mr. Selden accepted the role assigned to him and ably performed that service. What we said in *State v. Blight,* 150 Wash. 475, 273 Pac. 751, is an apt authority. In that case, the appellant contended that the trial court erred in denying his motion for a new trial, based on the contention that, because of the conduct of his then counsel, he had not had a fair trial. We said:

"In this connection it is sufficient to say that appellant was, on his trial, represented by an attorney of many years' experience; the granting or denying of appellant's motion for a new trial on the ground stated was largely within the discretion of the trial court, and we find nothing in the record which requires the reversal of the order of that court denying appellant's motion."

In *State v. Bradley,* 175 Wash. 481, 27 P. (2d) 737, defendant's counsel withdrew from the case. In that case, as in the case at bar, the trial court appointed an attorney of long experience to conduct the defense. We stated, in answer to the complaint of appellant that the court erred in appointing counsel for him without consulting his wishes, that it is to be presumed that the counsel appointed by the court was able to conduct the defense sufficiently skillfully and properly. We said:

"The only statutory provisions here, relating to the appointment of counsel for an accused in a criminal case, where the accused is without and unable to employ counsel, are Rem. Rev. Stat., §§ 2095 and 2305, both of which were complied with in this case. No statutory right of appellant was therefore violated."   .

We are convinced by a careful consideration of the record before us that the contentions of appellant are without substantial merit, and that the judgment should be, and it is, affirmed.

MALLERY, C. J., BEALS, STEINERT, and SCHWELLENBACH, JJ., concur.

HILL and JEFFERS, JJ., concur in the result.

SIMPSON, J.—The appeal in this case should be dismissed. A notice of appeal was not given in time, and the statement of facts has never been filed, though many months have passed since the time for filing the statement of facts expired. All of the procedure here is in violation of Rule of Supreme Court 12, 18 Wn. (2d) 14-a, and the decisions of this court in the following cases: *State v. White,* 40 Wash. 428, 82 Pac. 743; *State v. Harder,* 130 Wash. 367, 227 Pac. 501; *State v. Schafer,* 154 Wash. 322, 282 Pac. 55; *State v. Hall,* 185 Wash. 685, 56 P. (2d) 715; *State v. Marcy,* 189 Wash. 493, 65 P. (2d) 1271; *State v. Currie,* 200 Wash. 699, 94 P. (2d) 754; *State v. Nelson,* 6 Wn. (2d) 190, 107 P. (2d) 1113; *State v. Hampson,* 9 Wn. (2d) 278, 114 P. (2d) 992; *State v. Domanski,* 9 Wn. (2d) 519, 115 P. (2d) 729; and *State v. Conners,* 12 Wn. (2d) 128, 120 P. (2d) 1002.

ROBINSON, J. (concurring with Simpson, J.)—I do not agree "that the contentions of appellant are without substantial merit, and that the judgment should be, and it is, affirmed," as declared in the majority opinion. In fact, for the reasons given in Judge Simpson's opinion, I am convinced that we have no jurisdiction either to reverse or affirm the judgment of the trial court.

I deeply regret that we have no statement of facts which would enable us to review the case; for, from such limited information as we have about the matter, I am inclined to think that there is much reason to believe that the appellant did not have a "fair trial." Clearly, he was, in effect, denied his right to appeal because he was unable to advance the money required to furnish a statement of facts in order to exercise that right.

Amendment 10 of our state constitution, adopted in 1922, provides as follows:

"ART. I, § 22. In criminal prosecutions the accused shall have the right to appear and defend in person, or by counsel, to demand the nature and cause of the accusation against him, to have a copy thereof, to testify in his own behalf, to meet the witnesses against him face to face, to have compulsory process to compel the attendance of witnesses in his own behalf, to have a speedy public trial by an impartial

jury of the county in which the offense is charged to have been committed *and the right to appeal in all cases.   .   .   . In no instance shall any accused person before final judgment be compelled to advance money or fees to secure the rights herein guaranteed.*"   (Italics mine.)

---

November 30, 1948.   Petition for rehearing denied.