52 Wn.2d 613 (1958)
328 P.2d 159
In the Matter of the Application for a Writ of Habeas Corpus of GEITHER HORN, Petitioner,
v.
THE STATE OF WASHINGTON et al., Respondents.[1]
No. 34571.
The Supreme Court of Washington, Department Two.
July 17, 1958.
Horrigan, Horrigan & Sullivan, for petitioner.
The Attorney General and Michael R. Alfieri, Assistant, for respondent.
PER CURIAM:
This is an original application in this court for a writ of habeas corpus. Petitioner was charged, on May 30, 1935, in the superior court for Franklin county, with the crime of murder in the first degree. He was tried, found guilty by a jury, and sentenced to life imprisonment in the state penitentiary.
Petitioner alleges that he was denied due process of law at the time of his trial in 1935, in that, as a result of fear, coercion, and threats of bodily injury, he signed a confession which was admitted in evidence, over his objection.
The record discloses that the jury was properly instructed with reference to the written confession, and, specifically, that the jury must disregard the confession, if it was found by them to have been given as a result of fear, coercion or *614 threats of bodily harm. The jury returned a general verdict of guilty.
[1] Since the application for the issuance of the writ presents a factual issue, this court, by order of reference, requested the trial court to take additional evidence and make findings of fact as to whether the petitioner's confession was the result of coercion. After considering the evidence, the trial court found that "There is doubt as to whether the defendant was taken to an open grave ..." The burden of establishing coercion rests upon the one who asserts it. State v. Bird, 31 Wn. (2d) 777, 781, 198 P. (2d) 978 (1948).
Since this application for a writ is an original proceeding before this court, we find that, upon the record before us, the petitioner's written confession was not obtained as the result of coercion, and that it was properly admitted into evidence.
For the reasons stated, petitioner's application for a writ of habeas corpus is denied.
HILL, C.J., did not participate.
NOTES
[1] Reported in 328 P. (2d) 159.