[No. 35163. Department Two. March 9, 1961.]

THE STATE OF WASHINGTON, *Respondent*, v. MELVIN MODE, *Appellant.*[1]

[1]Reported in 360 P. (2d) 159.

*Shirley R. Marsh* and *Joe L. Johnson,* for appellant.

*Wayne Roethler,* for respondent.

FOSTER, J.—Defendant appeals from a conviction on two counts of carnal knowledge on which he was sentenced to terms in the state penitentiary of fifteen and twenty years respectively. The sentences are concurrent. The state's motion to dismiss the appeal was denied in *State v. Mode,* 55 Wn. (2d) 706, 349 P. (2d) 727, at which time we directed the superior court to appoint counsel to prosecute this appeal.

For ten years appellant lived with Mrs. L........, who had several children by a prior marriage which was dissolved by divorce in 1956. The appellant and Mrs. L........, while never married, lived together with her children as a family.

Appellant was charged with carnal knowledge of two of the L......... girls, one who, at the time of the alleged offense, was sixteen years old, and another, who was thirteen years old. The elder girl testified that the crime with which the appellant was charged occurred Saturday morning, October 11, 1958, near noon, at the family home. She testified that sexual relations had existed between her and the appellant for a period of seven years. A physician, Dr. Kirkpatrick, as a result of his physical examination, substantiated her claim of prior sexual relations.

The younger girl testified that the act occurred at their home on March 18th or 19th at about three in the afternoon. She, likewise, testified to a continued course of conduct by the appellant. The appellant denied the charges.

On the morning of the trial, appellant complained to the court that his court-appointed counsel had been negligent and that his defense was not prepared for trial. The court, in chambers, was advised by counsel that he had spent two days in research and preparation. It also appeared that the appellant himself had complained in writing to the prosecutor about two weeks before the trial that his court-appointed counsel had not fulfilled his obligations. His complaint resulted in several meetings between himself and the prosecutor and appointed counsel, but the appellant remained unconvinced. Whereupon the court offered to appoint and did appoint assistant counsel. The record shows that, if continued, the case could not be reached for trial for several months until another jury panel was called. The alternatives afforded were delay or immediate trial with the appointed counsel[2] and the additionally appointed counsel. The choice to proceed to immediate trial was made by the appellant himself.

The appeal counsel has centered his argument around the failure of the appointed trial counsel to call Dr. William F. Eikleberry who was endorsed as a state's witness. Dr. Eikleberry was employed by the state to examine the

---

[2] It is but fair to say that appellant employed his own counsel, but, because of his inability to pay him, the same lawyer selected by the appellant was then appointed by the court.

younger victim. In conversations with the prosecuting attorney prior to the trial, the prosecutor advised that he was uncertain as to whether the state would call Dr. Eikleberry.

A fair summary of the physician's report of his examination is that he could not say positively either that the prosecuting witness had engaged in sexual acts or that she had not. The court-appointed counsel decided that it would be more advantageous to argue to the jury that the state did not call Dr. Eikleberry because, if he were called, his testimony would be adverse to the claims of the prosecution and that this would have a stronger effect on the jury than the doctor's testimony.

Although the incompetence or neglect of appointed counsel has been urged in a number of cases,[3] this court has never granted a new trial on that ground.

A distinction is made by some courts between the neglect or incompetence of appointed counsel and one employed by the defendant. The view is widely entertained that, because of the possibility of collusion, a lawyer employed by an accused may not urge his incompetence or neglect as a ground for a new trial.

"Ordinarily, a defendant who retains counsel of his own selection is responsible if that counsel does not faithfully serve his interest. Any other rule would put a premium upon pretended incompetence of counsel; for, if the rule were otherwise, a lawyer with a desperate case would have only to neglect it in order to ensure reversal or vacation of the conviction." *Mitchell v. People*, 411 Ill. 407, 104 N. E. (2d) 285.

Other courts have taken the view that such distinction is immaterial.[4]

It is impossible to say dogmatically whether the inter-

---

[3]*State v. Graeber*, 46 Wn. (2d) 602, 283 P. (2d) 974; *State v. Bird*, 31 Wn. (2d) 777, 198 P. (2d) 978; *State v. Courser*, 199 Wash. 559, 92 P. (2d) 264; *State v. Bradley*, 175 Wash. 481, 27 P. (2d) 737; *State v. Blight*, 150 Wash. 475, 273 Pac. 751; *State v. Kelch*, 95 Wash. 277, 163 Pac. 757.

[4]The cases discussing this distinction are collected in an annotation, 74 A. L. R. (2d) 1390, 1406.

ests of the appellant would have been better served by calling Dr. Eikleberry as a witness or arguing to the jury that the state's failure to call him was because his testimony would have been adverse. If the choice was wrong, it was no more than an error of judgment. Such decisions must rest exclusively in trial counsel.

■■ Mistakes or errors of judgment do not establish the violation of a constitutional right. It is only when the incompetence or neglect of a lawyer, either appointed or employed to defend one charged with crime, results in the violation of a constitutional right by reducing the trial to a farce that a new trial will be granted.[5]

A further argument is that appellant's constitutional right to a fair trial was infringed because of the failure of his court-appointed counsel to comprehend the importance of his defense of alibi, and, specifically, that he requested an instruction[6] that proof of any date in reasonable proximity to the date charged in the information was sufficient. Appellant complained that the appointed lawyer failed to interview some witnesses corroborating his alibi or to call them at the trial. In conference with the trial judge, however, the appellant admitted that the court-appointed counsel had done everything in this respect which could have been expected of him. Each possible witness was discussed in a conference between the appellant and the trial judge; the attorney's investigation of

[5]Incompetent Counsel as Ground for New Trial in Criminal Cases, 47 Col. L. Rev. 115; Sexton, Quality of Counsel in Criminal Cases, 8 Ark. L. Rev. 484; Fellman, The Right to Counsel Under State Law, chapter entitled "The Competence of Counsel," 1955 Wis. L. Rev. 281, 309; *People v. De Simone*, 9 Ill. (2d) 522, 138 N. E. (2d) 556; *Wilson v. State*, 222 Ind. 63, 51 N. E. (2d) 848; *MacKenna v. Ellis*, 280 F. (2d) 592 (C. C. A. 5th); *Johns v. Smyth*, 176 F. Supp. 949; Hanley, Federal Habeas Corpus and Incompetence of Counsel. In State Prosecutions, 33 Wash. L. Rev. 303.

[6]"The Information herein charges that the crimes were committed on or about the 11th day of October, 1958, and on or about the 19th day of March, 1958. In this connection it is not necessary that you should find that the offense was committeed upon the specific date mentioned in the Information, but it is sufficient if you find beyond a reasonable doubt that the offense was committed by the defendant on a date in reasonable proximity of the date mentioned in the Information."

each was recited; and his conclusions why such persons were not called were explained. In response to a specific inquiry, appellant answered that he could not name any person who could further substantiate his alibis.

■ RCW 10.37.180[7] provides that the time of the commission of an offense is immaterial. The information need only charge that the crime occurred within the time limited by statute unless time is a material ingredient of the crime. The usual instruction under such circumstances is that the precise time at which a crime was committed need not be charged, and that it is sufficient to charge commission at any time before the filing of the information and during the time when a prosecution must be commenced. *State v. Davis*, 53 Wn. (2d) 387, 333 P. (2d) 1089.

In a long line of decisions,[8] the law is settled that, if the defense of alibi is interposed, time is a material element and that it is error to instruct otherwise.

■ While, except for the statement in the appellant's brief, it does not appear in the record that the instruction was requested by the court-appointed trial counsel, we assume for present purposes that such was the fact. The evidence respecting alibi in its most favorable aspect is stated by the appellant in his brief as follows:

"As to Count 1, appellant testified that at the time in question, the morning of October 11, 1958, he was not present. As to Count 11, appellant testified that the physical circumstances as described by the prosecuting witness did not exist on March 19, 1958, which testimony was supported by the testimony of the witness Bashor and . . . [Mrs. L..........] . . ."

[7]"The precise time at which the crime was committed need not be stated in the indictment or information, but it may be alleged to have been committed at any time before the finding of the indictment or the filing of the information, and within the time in which an action may be commenced therefor, except where the time is a material ingredient in the crime." RCW 10.37.180.

[8]*State v. Brown*, 35 Wn. (2d) 379, 213 P. (2d) 305; *State v. Coffelt*, 33 Wn. (2d) 106, 204 P. (2d) 521; *State v. Severns*, 13 Wn. (2d) 542, 125 P. (2d) 659; *State v. White*, 119 Wash. 512, 205 Pac. 838; *State v. Morden*, 87 Wash. 465, 151 Pac. 832; *State v. Moss*, 73 Wash. 430, 131 Pac. 1132; *State v. King*, 50 Wash. 312, 97 Pac. 247. *Cf. State v. Davis*, 53 Wn. (2d) 387, 333 P. (2d) 1089.

The record is barren of any proof of the appellant's presence at some other place at the time of the commission of the crimes. Unless there is such evidence, there is no reason for any special instruction on the defense of alibi. In fact, appellant's counsel do not contend that the defense of alibi was presented, but only that it was in the "nature of an alibi."

This matter was specifically dealt with by the Texas court of criminal appeals in *Windham v. State*, 162 Tex. Crim. App. 580, 288 S. W. (2d) 73 in which the court stated its conclusions as follows:

"An instruction as to alibi is not required when the defendant merely denies that he was at the place where the crime was committed, but does not offer affirmative evidence as to his presence elsewhere. Byas v. State, 41 Tex. Cr. R. 51, 51 S. W. 923; Rippey v. State, 86 Tex. Cr. R. 539, 219 S. W. 463."

See, also, *Commonwealth v. McQueen*, 178 Pa. Super. Ct. 38, 112 A. (2d) 820; *People v. Ashley*, 18 Ill. (2d) 272, 164 N. E. (2d) 70.

Had there been evidence of the defense of alibi, a much different question would be presented, but we find nothing in the record to substantiate appellant's claim that he was denied a fair trial by the failure of his court-appointed counsel to pursue the defense of alibi further, or in requesting the instruction noticed.

The appellant claims error because of a variance between count 1 and the proof. In that count the appellant is charged with carnally knowing one of the girls who, in the information, is identified by only one given name, and who testified that she had two given names by both of which she was repeatedly identified by witnesses and counsel alike throughout the trial.

. The record leaves no room for doubt that the same individual was thus referred to. If such is a variance, there is no prejudice. The assignment is devoid of merit.

■ Appellant contends that he was denied his constitutional right to a speedy trial. His argument is that, at the opening of the trial, he complained to the court his court-

appointed .counsel had not prepared his case; and that the court advised him, if a continuance were granted, he would have to wait for several months, and, if convicted, no credit would be given for the time served in jail. The appellant was given the choice and he, not his counsel, decided in favor of an immediate trial. He cannot now assert error in this respect.

■ Appellant claims the court erred in limiting the argument of counsel and commenting upon the evidence. The argument on both points is consolidated in appellant's brief and is based solely upon the contention that, when appellant's counsel argued to the jury that the witness, the elder girl, had made damaging admissions of her misconduct with others, the court sustained the prosecutor's objection. The court said that the jury should disregard the statement because it was not in evidence. When the witness was questioned about possible misconduct, the state's objection was that prior acts of misconduct were not permissible for purposes of impeachment, which objection was sustained, but the court failed to strike the testimony. The argument is that the testimony became admissible because of the subsequent evidence of a physician—that in his opinion the witness had engaged in acts of sexual intercourse. But there was no offer of proof.

The court's remark addressed to counsel, as the reason for the ruling, is not within Art. IV, § 16, of the constitution prohibiting the court from commenting upon the evidence. *State v. Rio*, 38 Wn. (2d) 446, 230 P. (2d) 308. We find no error in restricting the argument of counsel.

In the cross-examination of the appellant, the prosecuting attorney asked if the appellant had not stated to the sheriff that he would tell the truth if he would be sent to Steilacoom. The witness denied making such a statement. The matter was not pressed further, and, indeed, there was no offer to prove the answer untrue. Since the appellant denied making the statement, there was no error.

■ The appellant complains that error occurred by the proof of independent crime, that is, adultery, because it appeared from an answer of Mrs. L........ in direct examina-

tion by the prosecuting attorney that she had a child which the appellant had fathered. The answer is that there was no objection to the question. Moreover, appellant himself testified on direct examination that he had lived with Mrs. L........ and the children as a family for a number of years. The assignment of error is without merit.

Appellant was sentenced to a term of twenty years in the penitentiary upon the second count, which involved the younger girl.

By statute it is a crime to carnally know a female under the age of eighteen. RCW 9.79.020 (2) provides for a maximum term of imprisonment of twenty years if the victim is under fifteen years of age.

The court instructed that, in order to find the appellant guilty on the second count, it was necessary that the proof show the younger girl to be a female under the age of eighteen years. Appellant argues that the verdict of guilty on the second count will not support the sentence of twenty years imprisonment because there was no separate jury finding that the younger girl was under the age of fifteen years. Her age was stated in the information as thirteen, and was so proved by uncontradicted testimony. It is unnecessary to require the jury to answer a special interrogatory respecting the victim's age.

Despite the painstaking care with which distinguished counsel has presented this appeal, we find no merit in the assignments of error. Nevertheless, the court expresses its genuine appreciation of such uncompensated devotion to the highest ideals of a noble profession.

Affirmed.

FINLEY, C. J., HILL, WEAVER, and ROSELLINI, JJ., concur.