[No. 35616.    Department Two.    October 19, 1961.]

THE STATE OF WASHINGTON, *Respondent*, V. WALTER LEI, *Appellant.**

*Reported in 365 P. (2d) 609.

*Perry J. Robinson,* for appellant.

*Ray E. Munson* and *Kent A. McLachlan,* for respondent.

OTT, J.—October 14, 1959, a jury in Yakima County found Walter Lei guilty of the crime of robbery. October 21, 1959, before sentence was imposed upon the verdict, a supplemental information was filed in the same cause which alleged that he had previously been convicted, on November 29, 1946, of burglary in the first degree, and, on February 16, 1951, of murder in the second degree, both convictions being in the state of Idaho, and that, by virtue of three felony convictions, he should be subjected to the penalty of the habitual criminal act.

April 21, 1960, a jury found Lei to be an habitual criminal. From the judgment and sentence entered upon the verdicts, Walter Lei has appealed.

Appellant first contends that the charge of robbery contained no information that, upon conviction, he would be subjected to the penalty of the habitual criminal act and that, hence, the charge was violative of amendment 10 of

the state constitution and amendment 6 of the United States Constitution.

█ The sixth amendment of the United States Constitution applies only to trials in federal courts. *Barron v. The Mayor & City Council of Baltimore*, 32 U. S. 242, 8 L. Ed. 672 (1833); *Betts v. Brady*, 316 U. S. 455, 86 L. Ed. 1595, 62 S. Ct. 1252 (1942), and cases cited. These decisions are controlling here.

Amendment 10 of the Washington Constitution provides in part:

"In criminal prosecutions the accused shall have the right to appear and defend in person, or by counsel, to demand the nature and cause of the accusation against him, to have a copy thereof, . . ."

█ The appellant was apprised of the nature and cause of the accusation of robbery. The quoted constitutional provision does not require that the accused be informed, in the accusation, relative to the penal provisions which may be imposed in the event of a conviction. The habitual criminal statute, RCW 9.92.090, does not establish a substantive offense, but does establish the mandatory penalty that is to be imposed upon a third felony conviction. *In re Towne*, 14 Wn. (2d) 633, 129 P. (2d) 230 (1942). The procedure of filing a supplemental information, after the return of a verdict of guilty, has been approved in *In re Towne, supra,* and *State v. Mevis*, 53 Wn. (2d) 377, 333 P. (2d) 1095 (1959), and cases cited therein.

Appellant relies upon *State v. Lovejoy*, 60 Idaho 632, 95 P. (2d) 132 (1939), in which case the court imposed the increased sentence without the provisions of the persistent violator act being pleaded or proved. The *Lovejoy* case is not apropos to the facts in the instant case.

The appellant next contends that he was not afforded equal protection of the law, as guaranteed by the constitution, for the reason that, under some assumed situations, persons guilty of lesser offenses may be adjudicated to be habitual criminals. The assumed situations are not issues for review in this appeal. The facts before us are undisputed that the appellant has been convicted of three fel-

onies. What we said in *State v. Jackovick,* 56 Wn. (2d) 915, 917, 355 P. (2d) 976 (1960), is controlling here:

"Appellant makes the customary attacks on the habitual criminal act as being unconstitutional for lack of both due process and equal protection under the law.

"We have heretofore considered these contentions and found them to be without merit. [Citing cases.]"

Appellant next contends that the court erred in instructing the jury that, as a matter of law, the crimes of burglary and murder in the second degree, committed in the state of Idaho, were felonies, and that such a determination was a question of fact for the jury, under proper instructions.

■ We find no merit in this contention. The determination is not factual but legal, and the court properly instructed the jury that the Idaho crimes were felonies.

Appellant next contends that the court erred in receiving in evidence photographs of his fingerprints. Such evidence, appellant contends, is violative of Art. I, § 9, of the Washington Constitution and amendment 5 of the United States Constitution, in that the defendant is thereby compelled to give evidence against himself. This contention is one of first impression in this state. Fingerprints, or photographs thereof, have long been acknowledged by courts of record as a scientific basis of identification, and admissible to establish it.

This constitutional question has been raised in several jurisdictions and, with few exceptions, the courts have held that the use of fingerprints as evidence is not violative of the constitutional prohibition. *State v. Rogers,* 233 N. C. 390, 64 S. E. (2d) 572, 28 A. L. R. (2d) 1104 (1951); *Owens v. Commonwealth,* 186 Va. 689, 43 S. E. (2d) 895 (1947); *State v. Watson,* 114 Vt. 543, 49 A. (2d) 174 (1946); *Shannon v. State,* 207 Ark. 658, 182 S. W. (2d) 384 (1944); *Conners v. State,* 134 Tex. Crim. App. 278, 115 S. W. (2d) 681 (1938); *People v. Les,* 267 Mich. 648, 255 N. W. 407 (1934); *State v. Johnson,* 111 W. Va. 653, 164 S. E. 31 (1932); *People v. Jones,* 112 Cal. App. 68, 296 Pac. 317 (1931); *Garcia v. State,* 26 Ariz. 597, 229 Pac. 103 (1924); *Moon v. State,* 22 Ariz. 418, 198 Pac. 288, 16 A. L. R. 362

(1921); *People v. Sallow,* 100 Misc. 447, 165 N. Y. Supp. 915 (1917); *State v. Cerciello,* 86 N. J. L. 309, 90 Atl. 1112 (1914).

■ As the cited cases indicate, fingerprints are not testimony. They are tantamount to requiring the defendant to stand up in the courtroom for purposes of identification, or to the examination of the prisoner for marks or bruises which may be used to determine his guilt, or to testimony concerning his mental or physical condition. Fingerprints are the tracings of physical characteristics. The accused does not testify, nor is he required to do so; the physical facts speak for themselves. *Holt v. United States,* 218 U. S. 245, 252, 54 L. Ed. 1021, 31 S. Ct. 2 (1910).

The great weight of authority supports the conclusion that the fingerprints of an accused are a physical evidentiary fact, established by witnesses other than the accused, and that such evidence is not violative of the constitutional prohibition.

We adhere to the reasoning of the cited cases and hold that the fingerprint evidence was properly received.

In the two jurisdictions having a contrary rule, the evidence was suppressed upon a showing that the accused protested the taking of his fingerprints. There is no such evidence in this record. By the enactment of RCW 72.50.060, the legislature, in the exercise of the state's police power, mandated law enforcement officers to fingerprint persons who are arrested for "Any felony or gross misdemeanor." The appellant was arrested for a felony. The constitutionality of this enactment is not questioned in this review.

Finally, appellant contends that he was denied the constitutional guarantee of a fair trial because of the negligence and incompetence of his counsel.

In this connection, appellant asserts (1) that, during the examination of a city detective, hearsay evidence was admitted which, had an objection been interposed, would have been stricken as irrelevant and immaterial; (2) that the two statements of the accused which contained recitals contradictory to his oral testimony were erroneously admitted in evidence; (3) that hearsay evidence was ad-

mitted through the testimony of Douglas Stahl, who was assaulted and robbed by appellant; (4) that counsel failed to subpoena material witnesses that appellant had asked to be subpoenaed, and, finally, that counsel failed to require the officers to produce appellant's clothing which he had worn the night of the robbery and money which he had in his possession the night of the arrest.

Appellant was represented at the robbery trial by two attorneys he had employed and who were admitted to practice in the state of Washington. One of his counsel had been practicing law in this state for approximately six years, and had an extensive criminal practice which he estimated to be one hundred fifty justice court and thirty to fifty superior court cases a year. The affidavits of counsel disclose the reasons why, in the exercise of their judgment, they did not call the witnesses appellant desired to have subpoenaed, and the reasons for counsel's conduct as to appellant's other contentions.

An attorney cannot be said to be incompetent if, in the exercise of his professional talents and knowledge, he fails to object to every item of evidence to which an objection might successfully be interposed. Collateral matters, which may appear in retrospect to have been errors in judgment or in trial strategy, cannot be said to constitute incompetence. *State v. Mode,* 57 Wn. (2d) 829, 360 P. (2d) 159 (1961). The test of the skill and competency of counsel is: After considering the entire record, was the accused afforded a fair trial.

In the instant case, the appellant's victim identified him as his assailant. Other evidence presented by the respondent corroborated the testimony of the victim. The record discloses that defense counsel exercised more than ordinary skill in the defense of the accused, and that the appellant was afforded a fair and impartial trial. *State v. Griffith,* 52 Wn. (2d) 721, 328 P. (2d) 897 (1958); *State v. Graeber,* 46 Wn. (2d) 602, 283 P. (2d) 974 (1955); *State v. Bird,* 31 Wn. (2d) 777, 198 P. (2d) 978 (1948); *State v. Bradley,* 175 Wash. 481, 27 P. (2d) 737 (1933); *State v. Blight,* 150 Wash. 475, 273 Pac. 751 (1929).

We have considered appellant's remaining assignments of error and find them to be without merit.

The judgment and sentence is affirmed.

FINLEY, C. J., MALLERY, DONWORTH, and HUNTER, JJ., concur.

December 5, 1961. Petition for rehearing denied.