[Nos. 38690, 38774.   Department One.   March 30, 1967.]

THE STATE OF WASHINGTON, *Respondent,* v. VERNON RUSSELL STOCKMAN, *Appellant.*

*In the Matter of the Application for a Writ of Habeas Corpus of* VERNON RUSSELL STOCKMAN, *Petitioner,* v. JACK D. PORTER, *Respondent.**

*Reported in 425 P.2d 898.

*Robert S. Egger,* for appellant (Appointed counsel for appeal).

*Charles O. Carroll* and *David H. Beitz,* for respondent.

ARMSTRONG, J.†—Defendant Vernon Russell Stockman was charged with the commission of three counts of burglary and three counts of petit larceny. These stemmed from the entry of three different rooms in three different motels within a 4-block radius in the city of Seattle in the early morning of September 24, 1965. Property of the occupants was taken from each motel room.

Appellant was apprehended in the vicinity of the motels after the police had been notified. A search of the defendant revealed property later proved to have been stolen from the motel rooms. Appellant was positively identified by an occupant of one of the rooms and the occupant of another room described him well enough to cause his identification and arrest.

Appellant was tried November 29, 1965. Five occupants of the three rooms entered testified. There was substantial evidence that the appellant had been drinking and that he was an alcoholic. Appellant testified that he had been under medical treatment for drinking in the past; that he was drinking that night and did not remember the events of the evening of September 23 or early September 24.

Appellant was found guilty of all six counts charged. This appeal followed. Appellant, pro se, has filed an application for a writ of habeas corpus.

Appellant makes three assignments of error: (1) The court erred in not granting a new trial on its own motion after it became apparent that appointed counsel was incompetent. (2) The defendant was denied a fair trial because appointed counsel was incompetent to properly defend against the charges and incompetent to properly present

---

†Judge Armstrong is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

defendant's theory of the case. (3) The court, the state, the county clerk and defense counsel failed to preserve exhibits for the appeal.

■ The primary issue in this case relates to the competence of court-appointed counsel. In *State v. Lei*, 59 Wn.2d 1, 6, 365 P.2d 609 (1961), we said:

. An attorney cannot be said to be incompetent if, in the exercise of his professional talents and knowledge, he fails to object to every item of evidence to which an objection might successfully be interposed. Collateral matters, which may appear in retrospect to have been errors in judgment or in trial strategy, cannot be said to constitute incompetence. *State v. Mode*, 57 Wn. (2d) 829, 360 P. (2d) 159 (1961). The test of the skill and competency of counsel is: After considering the entire record, was the accused afforded a fair trial.

Appellant has set out a series of allegations which he considers proof that trial counsel was not competent. We shall proceed to consider them in order to determine whether appellant, in fact, had a fair trial.

Appellant first contends that defense counsel failed to timely move for suppression of evidence found in the possession of defendant at the time of his arrest on the ground that his arrest was illegal and thus the fruits of the search were inadmissible.

■ The record shows that Officer Meek of the Seattle Police Department responded to a report of a burglary from Gregory C. Prada. He went to the motel unit occupied by Mr. Prada and obtained a description which matched that of the appellant except for the color of the suit. Mr. Prada had said that the person who had been in his room was wearing a light suit, possibly tan; appellant, when arrested, was wearing a light grey suit. Mr. Prada had seen the suspect walking north from his motel at 89th and Aurora Avenue and it was on the northeast corner of 92nd and Aurora that appellant was arrested. The arrest occurred as indicated by the following testimony of Officer Meek:

I stopped the prowler car and got out and asked him where he was going. He said he was going home. I asked him where his home was. He said in the south end. I asked him if he knew where he was. He said, "Well, I don't know for sure." And I asked him several other questions and failed to get a decent answer from him. He did match the description that I was given by Mr. Prada.

The officer believed and had good reason to believe that appellant had committed the crime of burglary, and he was, therefore, justified in arresting him without a warrant. *State v. Darst,* 65 Wn.2d 808, 399 P.2d 618 (1965). The evidence was admissible and failure to move to suppress would properly have been denied.

Appellant asserts that counsel should have objected to certain hearsay testimony during the trial. The record discloses that there was evidence of positive identification by one witness, a description sufficiently clear to result in appellant's identification and arrest by another witness, and that the items stolen from the rooms were found in appellant's possession. Appellant had been drinking and could not remember anything that happened. His defense was alcoholic blackout. There were instances in which defense counsel could have objected to hearsay, but in most of them the evidence had been proved by other witnesses.

Whether the failure to take the objections complained of in this case was the wisest course is not for us to determine because what may appear in retrospect to have been error in judgment or trial strategy cannot be said to constitute incompetence. *State v. Mode,* 57 Wn.2d 829, 360 P.2d 159 (1961).

The third factor appellant points out to show incompetence of counsel is that his counsel failed to make an opening statement. Appellant contends that in the opening statement defense counsel could have alerted the jury to the defense of alcoholic blackout so that they could carefully weigh the evidence relating to intoxication. The decision of the defense counsel to make an opening statement must necessarily depend upon many factors. For example, in this case, some of the state's witnesses testified generally

to the fact that appellant had been drinking, but the strongest evidence of alcoholic blackout came from appellant and the psychiatrist who testified for him. In a hypothetical question to the psychiatrist, defense counsel read to the doctor and hence to the jury, a statement from Corpus Juris which detailed the legal theory of the defense that intoxication may be so extreme that one may be incapable of forming an intent to commit a crime. This alerted the jury to the theory of appellant's defense in the course of the doctor's testimony. It would also be a question of trial strategy when and whether an opening statement should be made.

Appellant alleges that defense counsel failed to properly cross-examine the two witnesses who identified the appellant. One testified clearly on direct-examination that he could not make a positive identification. The other witness testified that her room was well lighted, that she looked primarily at defendant's head, and thereafter she positively identified the appellant as the person who had been in her room.

In retrospect we might speculate as to whether another attorney could have more efficiently attacked the credibility of these witnesses or their ability to identify defendant. The extent of cross-examination is something a lawyer must decide quickly and in the heat of the conflict. This, too, is a matter of judgment and strategy.

Appellant contends that defense counsel should have asked for an instruction regarding mental irresponsibility. In effect this is questioning the presentation of appellant's defense on the theory that the alcoholic condition of defendant prevented him from forming the intent necessary to commit the crimes charged.

Appellant's medical witness, Dr. Neal E. Ely, is a psychiatric consultant at the Alcoholism Treatment Center. On the basis of hypothetical questions he considered appellant an alcoholic, and stated that an alcoholic in a blackout stage would be in a state of amnesia and very apt to be out of touch with reality. One in such a state could appear normal

and yet remember nothing. He would not have control of himself. The doctor did not know whether a person in a state of alcoholic blackout would know right from wrong although he felt he might be mentally irresponsible. It would appear from the psychiatrist's testimony and the testimony of other witnesses, that it might be easier to sustain a theory of alcoholic blackout and hence the inability to form an intent to commit the crimes charged than to base a defense on the right and wrong test of the M'Naghten rule relating to insanity or mental irresponsibility. Consequently, it would not be error for the trial counsel to choose this defense.

The jury was properly instructed concerning the defense advanced. The jury could have found the defendant not guilty if they chose to believe the testimony presented by appellant and his witnesses.

Appellant next contends that defense counsel should have requested an instruction relating to the "breaking" element of second degree burglary. Appellant was not charged with breaking and entering, but with the unlawful entry of a dwelling house under RCW 9.19.020. This statute reads in part as follows:

> Second Degree. Every person who, with intent to commit some crime therein shall, under circumstances not amounting to burglary in the first degree, *enter the dwelling house of another* or break and enter, . . . any building or part thereof, . . . . (Italics ours.)

There is no apparent difficulty in the application of this statute, and we can find no incompetence of defense counsel with respect to this contention.

■ Appellant contends that trial counsel erred in failing to timely move for a new trial following conviction. No prejudicial error has been shown to have occurred in the trial of this case. An attorney has no duty to argue frivolous or groundless matters before the court. *State v. Stevens*, 69 Wn.2d 906, 421 P.2d 360 (1966).

Finally, defendant contends that defense counsel failed to protect appellant's right to appeal in releasing all exhibits

following trial. We are not approving of this procedure, but no prejudice has been shown. All of the various items of personal property taken from the victims were properly identified during the course of the trial and there was no issue of value.

A consideration of the entire record convinces us that appellant received a fair trial and was adequately represented by his counsel. The alleged incompetency claimed concerns primarily a questioning of counsel's judgment in trial strategy.

Appellant's writ of habeas corpus raises essentially the same issues. It will be dismissed.

The judgment and sentence is affirmed.

FINLEY, C. J., WEAVER, HAMILTON, and HALE, JJ., concur.