[No. 797-1.    Division One—Panel 1.    July 12, 1971.]

THE STATE OF WASHINGTON, *Respondent,* v. LARRY EUGENE ADAMS, *Appellant.*

*Maslan & Hanan* and *Robert G. Maslan,* for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney,* and *John R. Cuningham, Deputy,* for respondent.

WILLIAMS, J.—Appellant stands convicted of the crime of assault in the second degree. His sole assignment of error is that the following alibi instruction shifts the burden of proving his innocence to him in violation of the United States and State of Washington Constitutions:

A defense interposed by the defendant in this case is an alibi; that is, that the defendant was at another place at the identical time the crime was committed, if committed at all.

When the state *makes out* such a case as would sustain a verdict of guilty and the defendant offers evidence, the burden is upon such defendant to *make out* his defense as to an alibi, but it is not incumbent upon him to prove an alibi beyond a reasonable doubt. When the proof is all in, both that given by the state and for the defendant, then the primary question is, the whole of the evidence being considered, whether such defendant is guilty beyond a reasonable doubt. The law is that if you have a reasonable doubt of the guilt of the accused, after having considered all the evidence, you should acquit; but if, after considering all the evidence, you do not have a reasonable doubt of the guilt of the accused, you should convict.

(Italics ours.)

■ This precise instruction was held not to violate the fifth and fourteenth amendments to the United States Constitution and article 1, section 3 of the Washington State Constitution in *State v. Pam,* 1 Wn. App. 723, 463 P.2d 200 (1969). The instruction does not place the burden of proof upon appellant but rather the burden of coming forward with evidence of an alibi. *State v. Green,* 2 Wn. App. 57, 466 P.2d 193 (1970).

The instruction is confusing, however, because it seems to say that when the state "makes out" (sustains the burden of proof) then the burden is upon appellant to "make out" (sustain the burden of proving) his defense as to an alibi, thus apparently placing the burden of proof of the critical elements of time and place upon him. *State v. Turner,* 3 Wn. App. 948, 478 P.2d 747 (1970).

■ However, if appellant had wished a clarifying instruction, it was his duty to ask for it, which he did not. *State v. Mayner,* 4 Wn. App. 549, 483 P.2d 151 (1971).

Affirmed.

HOROWITZ, C.J., and UTTER, J., concur.

Petition for rehearing denied October 20, 1971.

Review granted by Supreme Court December 28, 1971.