## THE STATE v. STEINEMANN, Appellant.

### Division Two, April 23, 1901.

Criminal Law: ASSAULT: INDICTMENT.    An indictment for assault with a pistol which charges that the pistol is a deadly and dangerous weapon, and that the assault was made feloniously and with intent to kill, need not specify the manner in which the assault was made.

Appeal from Oregon Circuit Court.—*Hon. W. N. Evans,* Judge.

AFFIRMED.

*W. F. Durham* and *S. A. Handy* for appellant.

*Edward C. Crow,* Attorney-General, for the State.

An assault with a deadly weapon with intent to kill is a felony, and it has been held not necessary to charge the manner in which the assault was made.    State v. Chandler, 24 Mo. 371; State v. Clayton, 100 Mo. 516; State v. Wood, 124 Mo. 412; State v. Jones, 86 Mo. 623.

BURGESS, J.—On the twenty-eighth day of February, 1899, the defendant was convicted in the circuit court of Oregon county, and his punishment fixed at two years' imprisonment in the penitentiary under an indictment charging that he at the "county of Oregon in and upon one G. M. Cooper feloniously, on purpose and of his malice aforethought, did make an assault and then and there, on purpose and of his malice aforethought, feloniously assault and wound him, the said G. M. Cooper, with a pistol loaded with leaden balls and gunpowder, which was then and there a deadly and dangerous weapon, which said pistol he, the said John Steinemann, then and there had and held in his hands with intent him, the said G. M. Cooper, on purpose and of his malice aforethought, feloniously to kill and murder, against the peace and dignity of the State."

The case is before us upon defendant's appeal.

In the motion in arrest, the point is made that the indictment is defective in that it does not charge that defendant shot or used said pistol as a club, and fails to charge that defendant shot one G. M. Cooper at all. But this was not necessary.

The indictment charges that the pistol was a deadly and dangerous weapon, and that the assault was made feloniously with intent to kill, and it makes no difference as to the manner in which the assault was made. [State v. Chandler, 24 Mo. 371; State v. Clayton, 100 Mo. 516; State v. Jones, 86 Mo. 623.]

There was an abundance of evidence to justify the verdict of the jury, and this objection asserted in the motion for a new trial is entirely without merit.

Finding no reversible error in the record we affirm the judgment. *Sherwood, P. J.*, and *Gantt, J.*, concur.