[No. 5259.  Decided December 10, 1904.]

THE STATE OF WASHINGTON, *Respondent,* v. DAVID G. WILLIAMS, *Appellant.*[1]

CRIMINAL LAW—EVIDENCE OF IDENTITY—SUFFICIENCY—QUESTION FOR JURY. In a prosecution for assault with intent to murder, in which the prosecuting witness positively identifies the prisoner as the person who shot him, the question of identity was for the jury, although the prosecuting witness stated shortly after the shooting, upon accusing the prisoner, who thereupon became angry, that he might have been mistaken as it was dark.

CRIMINAL LAW—ASSAULT WITH INTENT TO KILL—INTENT NOT PRESUMED WHEN DEATH DOES NOT RESULT—INSTRUCTIONS. Upon a prosecution for assault with intent to kill, in which it appears that the prosecuting witness was shot in the hip, and death did not result, the intent to kill being an essential fact to be established by evidence and which can not be presumed as a matter of law, it is error to instruct that every person is presumed to intend the natural consequences of his acts, and that such presumption will always prevail unless the jury entertain a reasonable doubt as to the intent.

1Reported in 78 Pac. 780.

SAME. For the same reason it is error to instruct that such shooting would have been murder in the first degree in case death had resulted, if the shot had been fired in the intent to perpretate a robbery.

APPEAL AND ERROR—REVIEW—TRIAL—CONFLICTING INSTRUCTIONS—CURING ERROR. Where, of two conflicting instructions, it is impossible to determine which one the jury adopted, an erroneous instruction will not be held cured by a subsequent one correctly stating the law governing the subject.

Appeal from a judgment of the superior court for Yakima county, Rudkin, J., entered March 8, 1904, upon a conviction of the crime of assault with intent to kill. Reversed.

*E. B. Preble,* for appellant.

HADLEY, J.—Appellant was charged with the crime of assault with intent to commit murder. After a trial, a verdict of guilty as charged was returned, and judgment was entered thereon, whereby appellant was sentenced to serve a term of thirteen years' imprisonment in the state penitentiary. He has appealed from the judgment.

The material facts, as detailed by the prosecuting witness, were that he arrived at Toppenish in Yakima county, by freight train, about 11 o'clock P. M., October 18, 1903; that, after getting off the train at Toppenish, he was walking along the railway track when he met the appellant, a stranger to him, who engaged in conversation with him; that, after two or three minutes' conversation, the appellant drew a gun and said to the witness, in substance, that the best thing he could do was to hold up his hands; that the witness then ran toward the depot, when appellant shot him, the shot taking effect in the right hip; that, immediately after he was shot, the prosecuting witness ran to the depot and into the waiting

room, and that, about five minutes afterward, the appel-
lant came into the waiting room, sat down by the wit-
ness, and asked him how he got shot; that the witness
then charged appellant with doing the shooting, where-
upon the latter became angry, at which the witness said
he might have been mistaken as it was dark; that there
were four or five other persons in the depot when this
conversation took place. It is conceded that the prose-
cuting witness was soon afterwards taken to a hotel,
where a physician dressed the wound, and that appellant
went into the room and said that the wounded man had
accused him of doing the shooting, and that they could
take him and lock him up; that, upon being told by those
present that they did not wish to lock him up, he said
he was camping near by, stating where the camp was
located, and that he would go to the camp, stay there
through the night, and return the next morning; that
the landlord thereupon told him he would furnish him
a bed, and that he could stay at the hotel, which offer
he accepted; that the next morning, while he was yet
asleep, the officers came to arrest him, and his arrest
followed. There was testimony that appellant was heard
to say that, if the prosecuting witness had not run, he
would not have shot him. Appellant denied that he did
the shooting, and also that he had made such statements.
The prosecuting witness testified at the trial that appel-
lant did the shooting.

One assignment of error is that the court should have
set aside the verdict, and granted a new trial, for the
reason that the evidence did not warrant the jury in find-
ing, beyond a reasonable doubt, that the appellant is the
person who shot the prosecuting witness. We think, un-
der the evidence detailed above, that it became the prov-
ince of the jury to determine that fact, and that no error

was committed in refusing to set aside the verdict for insufficiency of the evidence as to the identity of the person who did the shooting.

The more serious errors assigned relate to the instructions of the court. The state has filed no brief in the case, and we are, for that reason, deprived of the benefit of any suggestions or research on the part of respondent's counsel touching the questions involved. It will be remembered that appellant was charged with assault with intent to commit murder. The intent to commit murder was therefore an essential element of the crime charged. Such intent was a fact to be proved by the state and found by the jury. The intent to commit murder could not be presumed, as a matter of law, from the mere fact that an assault was committed which did not result in death. It is a fact, capable of being established by satisfactory proof, that one may shoot another, intending to disable him but without an intention to kill him, and when death does not result from the act, the presumption of law as to intent is in favor of the accused, and not against him. In this connection the court gave the following instruction:

"On the question of intent, I charge you that every person is presumed in law to intend the natural and necessary consequences of any act intentionally done. This presumption will always prevail unless the jury, from a consideration of all the circumstances of the particular case before them, entertain a reasonable doubt as to whether or not such intent did in fact exist."

The prosecuting witness was not murdered, and the above instruction as applied to the facts of this case, it seems to us, left the jury to understand that, as death might have resulted as the natural consequence of appellant's act, the law presumes that he intended that such

consequence should follow. The instruction, furthermore, in effect states that such presumption of the existence of intent will always prevail unless overcome by circumstances which create a reasonable doubt in the minds of the jury. If death had resulted from the act of appellant, the instruction would have been applicable. But this court has held that such an instruction is inapplicable in a case of assault where death did not result, for the reason that, in such a case, the intent to murder can not be presumed as a matter of law, but must be established as any other fact. An instruction of similar import was held to be erroneous in *State v. Dolan,* 17 Wash. 499, 50 Pac. 472. At page 506 the court said:

"While the court correctly stated to the jury that the natural and probable consequences of every act deliberately done by a person of sound mind is presumed to have been intended, yet the rule of evidence so announced has no application to the case at bar. The rule applies only to offenses actually committed, i. e., to 'consequences' which really ensue, and not to those which do not ensue. *Roberts v. People,* 19 Mich. 409. The crime here charged consists of two essential elements; first, an assault, and second, a specific felonious intent to kill. Both these elements were alleged as facts in the information, and it was therefore incumbent upon the state to establish them *as facts* by competent evidence. And it was for the jury, and not the court, to determine the existence of both these facts. But the court by this charge invaded the province of the jury and assumed to draw the proper inferences from hypothetical facts stated, as a mere assumption of law. 'If,' as was said by the supreme court of Michigan in *Maher v. People,* 10 Mich. 218, 'courts could do this, juries might be required to find the fact of malice where they were satisfied from the whole evidence it did not exist.' "

In the light of the above decision and of authorities there cited, we think the instruction under examination here was erroneous.

The following instruction was also given:

"I further charge you that if you find, beyond a reasonable doubt, that the defendant fired the shot described in the information, if you find a shot was fired either in the perpetration or attempt to perpetrate a robbery and death had resulted, the killing would have been murder in the first degree, and no plea of accident or self defense can avail this defendant."

This instruction, it seems to us, is subject to the same criticism as the one already discussed. It is silent as to the necessity for the existence of actual intent, and in effect leaves the intent to be presumed as a matter of law, although death did not result. Had death resulted from the shooting while in the attempt to perpetrate a robbery, the law would have presumed that murder was intended, but, as we have seen, such a presumption does not arise as a matter of law when a mere assault has been committed which has not caused death.

Appellant urges that other instructions given are subject to the same criticism. We, however, think it is unnecessary to analyze them here. It is further urged that the errors above mentioned were not cured by other instructions given. The following was given:

"If you are satisfied beyond a reasonable doubt in this case that the defendant did, within three years prior to the filing of the information in this case, assault the prosecuting witness in manner and form as charged in the information, in the county of Yakima, state of Washington, and that he intended to commit the crime of murder as previously defined to you, it will be your duty to find him guilty as charged. If you find he committed the assault alleged but without intent to com- ·

mit murder, you will find him guilty of assault. If you entertain a reasonable doubt as to whether or not he committed the assault alleged to have been committed in the information, or that he committed it with intent to commit murder, then it will be your duty to give the defendant the benefit of that doubt and acquit him."

It seems difficult to harmonize the above instruction with the theory of the others hereinbefore set out. They appear to be in conflict as to the law governing the question of intent, a vital one in the case. While the subject matter of the instruction, standing alone, may state the law correctly, yet it refers to previous ones given, and does not stand entirely alone. Our endeavor to reach the conclusion that it may cure the previous errors is, however, met with the seemingly irresistible objection that, of the two conflicting theories of the law embodied in the instructions, we are unable to determine which one the jury adopted and followed. That such errors are not cured by such an instruction as that above was held in the case of similar instructions where the charge was assault with intent to commit murder, in *People v. Mize,* 80 Cal. 41, 22 Pac. 80.

For the reasons stated, the judgment is reversed and the cause remanded with instructions to the trial court to grant a new trial.

FULLERTON, C. J., and ANDERS, DUNBAR, and MOUNT, JJ., concur.