[No. 11488.  Department One.  February 28, 1914.]

THE STATE OF WASHINGTON, *Respondent*, v. JACOB AUTIO, *Appellant*.[1]

ASSAULT—AGGRAVATED ASSAULT—EVIDENCE—SUFFICIENCY. A conviction of first degree assault is sustained by the evidence, where it appears that defendant and the prosecuting witness were rivals for the favor of a young lady, that she and the defendant were talking, when she saw the prosecuting witness approaching, and screamed, whereupon the defendant immediately turned and shot the prosecuting witness twice, once when he was about five feet away, and the second' time in the back when fifteen feet distant and retreating.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered February 7, 1913, upon a trial and conviction of first degree assault. Affirmed.

*William R. Bell*, for appellant.

*John F. Murphy* and *Thomas J. L. Kennedy*, for respondent.

MAIN, J.—The defendant was charged by information with the crime of assault in the first degree. Upon a trial being had, a verdict of guilty as charged was returned. Motion for new trial being interposed and overruled, sentence was imposed. The defendant appeals.

The appellant's brief presents but one question, and that is his claim that the evidence was insufficient to justify the verdict.

[1]Reported in 139 Pac. 31.

For some time prior to the 5th day of January, 1913, the appellant and one John Hokkanan had been rivals for the favor of a young lady by the name of Ida Latenen. On the evening of January 5th, 1913, at about the hour of 9:30 o'clock, the appellant accompanied the young lady mentioned to the home where she was employed. While they were standing on the back porch in conversation, the young lady with her back to the door and the appellant with his back towards the outer edge of the porch, the former observed Hokkanan approaching from the wood shed in the rear. She screamed, and immediately the appellant turned around, drew his revolver and shot Hokkanan twice. The first shot, as the latter claims, was fired when he was five feet from the porch; and the second struck him in the back when he was fifteen feet distant and retreating.

A further statement of the evidence offered on behalf of the state, or a statement of the appellant's claim as to the facts surrounding the shooting, would serve no useful purpose. The question was so obviously one for the jury as to eliminate the necessity for discussion.

The judgment will therefore be affirmed.

CROW, C. J., GOSE, ELLIS, and CHADWICK, JJ., concur.