[No. 14173. Department One. August 22, 1917.]

THE STATE OF WASHINGTON, *Respondent*, v. JAKE CLARK, *Appellant*.[1]

HOMICIDE—EVIDENCE—OF OTHER CRIMES—TO SHOW INTENT—ADMISSIBILITY—FIRST DEGREE ASSAULT. Under Rem. Code, § 2413, making both the assault and the intent to kill, material in a prosecution for assault in the first degree by shooting and wounding a police officer, it is admissible to prove the defendant's conduct immediately prior to the shooting, when he entered a saloon in a drunken condition and committed other offenses, as bearing upon the intent to kill, and the same is not objectionable in that it includes evidence of other crimes.

HOMICIDE—ASSAULT WITH INTENT TO KILL—EVIDENCE OF INTENT—SUFFICIENCY. In a prosecution for assault with intent to kill by shooting and wounding a police officer, that the defendant shot with intent to kill is sufficiently established by evidence of the commission of other offenses by the defendant immediately prior to the shooting, when he entered a saloon in a drunken condition, together with the facts of the shooting detailed to the jury, several shots having been fired, one taking effect in the face and one in the shoulder of the officer.

[1]Reported in 167 Pac. 84.

HOMICIDE—INFORMATION—DEFINITENESS. An information charging the shooting of one M. with intent to kill, with a thirty-two special Winchester rifle, substantially in the language of the statute, is sufficiently definite, without stating the manner in which the rifle was used.

CRIMINAL LAW—SENTENCE—STATUTES. Under Rem. Code, § 2413, fixing the punishment for first degree assault as imprisonment in the state penitentiary "for not less than five years," and § 2281, providing that, where no maximum is prescribed by law, the court shall fix the maximum term of imprisonment, a sentence for a "period of nine years" is error, and will be remanded for a sentence for a minimum period fixed by the court, of not less than five years, and for not more than the number of years fixed by the court as a maximum.

Appeal from a judgment of the superior court for Skagit county, Brawley, J., entered February 4, 1916, upon a trial and conviction of assault in the first degree. Remanded for entry of proper sentence and judgment.

*Shrauger & Henderson* and *Thos. K. Chambers*, for appellant.

*A. R. Hilen* and *R. V. Welts*, for respondent.

MAIN, J.—The defendant in this case was charged by information with the crime of assault in the first degree. The trial resulted in a verdict of guilty. From the judgment and sentence entered upon the verdict, the appeal is prosecuted.

The facts are these: At about the hour of 9:30 o'clock, p. m., on the 17th day of July, 1915, at Burlington, in Skagit county, Washington, the appellant entered what is referred to as the "Club Saloon," and asked for a drink, which was refused him on account of his then intoxicated condition. Soon thereafter he got into an altercation which resulted in a fist fight between himself and one Lew Putell, just outside of the saloon doors. Being worsted in this encounter, the appellant went to a nearby restaurant, where he procured a butcher knife and returned to the saloon. He was there dispossessed of the knife by the proprietor and others. Immediately thereafter, a brother of the appellant started with

him to his home, which was about three blocks distant, where he resided with his parents. A few minutes later, gun shots were heard in the vicinity of the appellant's residence. One R. A. Brooks, a deputy city marshal, was near the saloon when he first heard the shots, and he proceeded in the direction from which they came. At about the same time, a deputy sheriff started in the same direction. These two officers approached the appellant's residence upon a street which was lighted. When one of them was about one hundred and fifty feet distant from the place where the appellant resided, other shots were fired. Two of these shots struck Brooks, one in the face, and the other in the shoulder. The other officer, having taken refuge behind an electric light pole, escaped injury. In all, five or six shots were fired. The appellant was subsequently arrested and charged, as above stated, with the crime of assault in the first degree.

The first point urged upon this appeal is that the trial court erred in admitting certain testimony showing a separate and distinct offense not connected with the crime charged. It is here claimed that the conduct and mood of the appellant prior to the time of the shooting was inadmissible, under the general rule that, in a prosecution for a particular crime, evidence which shows, or tends to show, that the accused had committed another crime wholly independent of that for which he is on trial is irrelevant and inadmissible. But this rule is subject to certain well-defined exceptions which are as well settled as the rule itself. One of the exceptions is that, where intent is an essential element of the crime and a fact to be proven, evidence of another or other crimes may be admitted for the purpose of showing a condition of mind, or if the transaction under investigation and some other transaction are so interwoven that the admission of the testimony in relation to the other crime would detract something from the testimony which the state would have a right to introduce as tending to show the commission of the crime charged, the evidence of such other crime is admissible.

1 Wigmore, Evidence, § 364; *People v. Wilson*, 117 Cal. 688, 49 Pac. 1054; *State v. Gottfreedson*, 24 Wash. 398, 64 Pac. 523.

In the case last cited, it is said:

"The general rule is well established that proof of the commission of a separate and distinct crime will not be admitted for the purpose of aiding the conviction of defendant for the crime charged. There are exceptions, however, to this general rule, as where the testimony shows a connection between the transaction under investigation and some other transaction, and where they are so interwoven that the omission of the testimony in relation to the other crime would detract something from the testimony which the state would have a right to introduce as tending to show the commission of the crime charged by the defendant, or where it is apparent that the parties had a common purpose in the transaction of both crimes, or where the testimony tending to show the commission of one crime tends to prove a condition of mind which must necessarily be entertained by the defendant in the commission of the crime charged; . . ."

In Rem. Code, at § 2413, the crime of assault in the first degree is defined as follows:

"Every person who, with intent to kill a human being,

. . .

"(1) Shall assault another with a firearm or any deadly weapon or by any force or means likely to produce death; . . . shall be guilty of assault in the first degree and shall be punished by imprisonment in the state penitentiary for not less than five years."

By this statute, so far as applicable to the present case, the crime there defined consists of two elements: First, an assault; and second, an intent to kill a human being. It is incumbent upon the state to establish both of these elements as facts by competent evidence. In *State v. Dolan*, 17 Wash. 499, 50 Pac. 472, the defendant was charged with and convicted of the crime of assault with intent to commit murder. In the course of the opinion, it was there said:

"The crime here charged consists of two essential elements; first, an assault, and second, a specific felonious intent to kill.

Both these elements were alleged as facts in the information, and it was therefore incumbent upon the state to establish them *as facts* by competent evidence. And it was for the jury and not the court, to determine the existence of both these facts."

The court was there considering an instruction which was held to be erroneous because it advised the jury that the element of intent to kill could be inferred or presumed from the act done, even though it did not result in the death of the victim. Where the intent, which is an element of the crime, relates to a greater crime than that accomplished, the intent is not presumed from the act done. The confusion in the present case seems to have arisen over the failure to distinguish between an intent which is inferred from the act done, when the act does not go beyond intent, and an intent to commit a greater crime than the act done actually accomplishes. The distinction between the two intents is clearly and concisely stated in the case of *State v. Davis*, 72 Wash. 261, 130 Pac. 95, where it is said:

"While it is true that a man is presumed to intend the natural and probable consequences of his acts, it is true also that the presumption arising from the acts alone never extends beyond the actual consequences of the acts. If one person wilfully assaults another and inflicts upon him a dangerous wound, the jury would have the right to infer from the act that he intended to inflict the dangerous wound; or, if one person wilfully assaults another and inflicts upon him a dangerous wound likely to cause death and death ensues therefrom, the jury have the right to infer from the act and its consequence that he intended to kill the person assaulted; but if a man assaults another and inflicts upon him a dangerous wound likely to cause death but death does not ensue, the jury have no right to infer from the act alone that he intended to kill, because such was not the consequence of the act. *State v. Dolan*, 17 Wash. 499, 50 Pac. 472; *State v. Williams*, 36 Wash. 143, 78 Pac. 780. So in the instruction in question, it was error to instruct that the jury might infer from the mere assault and the infliction of the wound that the defendant intended to kill the prosecuting witness, because

death was not the consequence of the act. Intent in such cases is gathered from all the circumstances of the case, of which the assault and wounding are only a part."

It was necessary in the case now before us for the state to allege and prove both the assault and the intent to kill, because the intent goes beyond the act accomplished, which did not result in the death of the victim. It therefore follows that the evidence showing the appellant's conduct and his state of mind from the time that he entered the saloon and asked for the drink, which was refused him, until he shot and wounded Brooks, was admissible as bearing upon the intent to kill, even though it would show or tend to show the commission of another offense. Whether the evidence was admissible under any other theory of the law need not here be considered, because it was obviously admissible for the purpose already indicated.

The second point is that the verdict of the jury was not warranted by the evidence, because it is claimed that the state failed to prove an intent to kill, but this contention cannot be sustained. The conduct and state of mind of the appellant previous to the shooting, together with the facts of the shooting, having been detailed to the jury in the evidence, would sustain a finding by the jury that the appellant shot with intent to kill. As was said in *State v. Davis, supra:*

"Intent in such cases is gathered from all the circumstances of the case, of which the assault and wounding are only a part."

The third point is that the information fails to charge a crime. Among other things, it is recited there that the appellant

"did wilfully, unlawfully and feloniously, with intent to kill a human being, to wit: one R. A. Brooks and one G. C. McDaniel, assault another, to wit: one R. A. Brooks and one G. C. McDaniel, with a firearm or deadly weapon, to wit: a thirty-two special Winchester Rifle, contrary to the form of

the statute in such case made and provided and against the peace and dignity of the State of Washington."

This information is drawn in substantially the language of the statute and was sufficient to enable a person of common understanding to know what was intended. The particular objection to the information is that it fails to state the manner in which the rifle was used, but a charge that the accused assaulted another with "a thirty-two special Winchester rifle," with intent to kill, is sufficiently definite. The manner in which the rifle was used need not be alleged. *State v. Miller*, 25 Kan. 699; *State v. Steinemann*, 162 Mo. 188, 62 S. W. 694; *State v. Feamster*, 12 Wash. 461, 41 Pac. 52; 21 Cyc. 863.

Finally, it is contended that the sentence imposed by the trial court was not in compliance with the law. The statute above quoted, defining assault in the first degree, provides for punishment by imprisonment in the state penitentiary "for not less than five years." The statute, it will be seen, fixes the minimum term of imprisonment but does not fix the maximum. Section 2281, Rem. Code, provides that:

". . . where no maximum term of imprisonment is prescribed by law, the court shall fix such maximum term of imprisonment."

In this case the appellant was sentenced to the state penitentiary at Walla Walla "for a period of nine years." Whether this nine years was intended as the minimum or the maximum does not appear. The judgment should have recited that the appellant be imprisoned in the state penitentiary for a minimum period, fixed by the court in the exercise of a judicial discretion—but not less than five years (the minimum fixed by the statute)—and for not more than the number of years fixed by the court as the maximum. This error, however, does not call for reversal of the judgment, but only for the remanding of the cause for the imposition of a proper sentence and judgment. *State v. Andrews*, 71 Wash. 181, 127 Pac. 1102.

Remanded with directions to enter a sentence and judgment in harmony with the statutory requirements.

ELLIS, C. J., CHADWICK, PARKER, and MORRIS, JJ., concur.