[No. 16620. Department Two. December 29, 1921.]

THE STATE OF WASHINGTON, *Respondent*, v. EDWARD HART, *Appellant*.[1]

HOMICIDE (10)—ASSAULT WITH INTENT TO KILL—EVIDENCE—SUFFICIENCY. A conviction of the crime of assault in the first degree is sustained by evidence that defendant borrowed a shot gun after endeavoring in five different places to secure one; that he sought out the prosecuting witness, and, finding him at home on his front porch, fired at him from a distance of seventy-two to ninety-seven feet, with a load of bird shot which lodged in the arm and hip of his victim.

CRIMINAL LAW (155)—OPINION EVIDENCE—TESTIMONY OF MEDICAL EXPERT—ADMISSIBILITY. In a prosecution for assault with homicidal intent, the expert opinion of a physician that, if the shot had struck the body instead of the arm, they could have penetrated the body and entered a vital organ, was admissible in evidence.

Appeal from a judgment of the superior court for Kittitas county, Davidson, J., entered December 20, 1920, upon a trial and conviction of assault in the first degree. Affirmed.

*F. A. Kern,* for appellant.

*C. R. Hadley* and *E. K. Brown,* for respondent.

[1]Reported in 203 Pac. 4.

MACKINTOSH, J.—The appellant was charged with, and convicted of, the crime of assault in the first degree, as the result of firing bird shot into the arm and thigh of A. L. Olds.

He is not satisfied with the result of his trial and desires to have another chance to present his case to a jury, and to obtain that result, presents two reasons: The first concerns the sufficiency of the evidence to justify a verdict of assault in the first degree. Although he admits that, having been compelled to abandon his castigation, he became annoyed at Olds and had made an endeavor, at at least five different places, to secure a shotgun, and had finally borrowed one, and stealthily sought out his victim, whom he found on his, Olds', own front porch, and had fired at him from a distance of seventy-two to ninety-seven feet, yet he urges upon us that the element of ''intent to kill'' was not established; in fact, was negatived by his failure to try to borrow either a rifle, revolver or razor, by his purposely having chosen bird shot instead of buckshot to perforate his colored brother; by not having gone closer to do the shooting when he could have done so, and by the shot only lodging in arm and hip. Of course, death not having resulted from appellant's assault, the duty was on the state to prove homicidal intent. *State v. Dolan,* 17 Wash. 499, 50 Pac. 472; *State v. Williams,* 36 Wash. 143, 78 Pac. 780. But it appears to us that all the conduct of the appellant, and the circumstances as shown by the evidence, gave the jury adequate reason for determining that the appellant's heart was set upon slaughter, and the less serious consequences of his act was the result of the necessities of the occasion, rather than of the appellant's fine feeling and kindly consideration.

The second reason advanced by appellant is much

like the first. It questions the admissibility of the testimony of the chirurgeon called by the prosecution, as follows:

"Q. From your examination of Mr. Olds and the actual facts that existed there as to the distance in which these bullets had penetrated, the depth, are you prepared to say whether or not had those bullets struck the body instead of the arm they could have penetrated a vital part of the body? Mr. Kern: I don't think this is a question for expert testimony; it is the question that the jury has to pass upon as to the intent back of this thing. The Court: I will overrule the objection; exception allowed. A. I think they could have, yes. Q. You think they could have what? A. Penetrated the body and entered the vital organs."

The claim is that this is not a matter for expert opinion. What is and is not admissible from the mouths of experts cannot be defined by any hard and fast general rule, as there are numerous matters which, while they are in a degree known to many, cannot be said to be so commonly understood that all men can be presumed to draw reasonable inferences therefrom. It would seem that here the doctor, from his training, was better able than a layman to determine whether a vital organ could have been penetrated by the use of appellant's weapon, either from the consideration of the construction of the human body, or from the consideration of the direction that the shot entered it. This evidence was proper as in aid of the establishment of the intent of the appellant.

Finding no reason for disturbing the judgment of the superior court, it is affirmed.

PARKER, C. J., MAIN, HOVEY, and HOLCOMB, JJ., concur.