[No. 36465.    Department One.    December 26, 1963.]

THE STATE OF WASHINGTON, *Respondent,* v. ARTHUR ST. PETER, *Appellant.**

*Bennett Feigenbaum,* for appellant.

*Charles O. Carroll* and *Richard M. Foreman,* for respondent.

ROSELLINI, J.—The appellant was found guilty of the crime of assault in the first degree. The evidence establishes that he shot at a law enforcement officer who was attempting to place him under arrest.

The appellant first contends that the trial court erred in denying his motion for a continuance or a change of venue. His argument is that, due to the inflammatory nature of certain newspaper articles which had been pub-

*Reported in 387 P. (2d) 937.

lished immediately prior to the trial, it was impossible for him to receive a fair trial at that time and place. He maintains that the trial court abused its discretion when it refused to grant him the relief sought. It is a sufficient answer to this contention to note that all jurors who had read or heard of the appellant were excused from serving in this case.

It is next urged that the trial court abused its discretion in denying the appellant's motion to compel the prosecution to produce copies of reports of certain prosecution witnesses, after having granted a motion made by the state for an order compelling the appellant to produce a copy of a report of an examination by a court-appointed psychiatrist. Neither the psychiatric report nor any of the issues which this evidence might have engendered was used at the trial.

■ As to the court's denial of pretrial discovery, we are not in a position to say that the trial court abused its discretion since there is no showing that the appellant was handicapped by this refusal. The appellant concedes the rule to be that criminal pretrial discovery rests entirely within the sound discretion of the trial court and his rulings will not be disturbed on appeal except for manifest abuse of that discretion. Recent decisions so holding are *State v. Mesaros*, 62 Wn. (2d) 579, 384 P. (2d) 372; *State v. Robinson*, 61 Wn. (2d) 107, 377 P. (2d) 248; and *State v. Beck*, 56 Wn. (2d) 474, 349 P. (2d) 387.

■ The third assignment of error concerns the court's instruction No. 4, which in part advised the jury that shooting at, toward or into the body of another was an assault as that term was used in the instructions. It is true that this statement, standing alone, is incorrect. The shooting must be accompanied by the requisite felonious intent. However, the rule is that instructions must be read, considered, and applied as a whole. *State v. Refsnes*, 14 Wn. (2d) 569, 128 P. (2d) 773. Other instructions given by the court made it plain to the jury that the use of force must be accompanied by an intent to inflict bodily harm.

■ Error is assigned to the giving of the court's instruction No. 5, and to the refusing of the appellant's proposed

instruction concerning the necessity of proving that he shot at the officer with the intention of killing him. Instruction No. 5 advised the jury that, in order to find the appellant guilty of assault in the first degree, it must find that he had an express and positive intent to kill. The proposed instruction would have advised the jury that it must find "not only that the defendant [appellant] did shoot said Frank B. Stansell, but that in so doing he intended to kill said Stansell." This proposed instruction was patently incorrect, since there was no evidence that the appellant "did shoot" the officer, but only that he shot at him.

The instruction given by the court pointed out the necessity of proving the felonious intent as a separate element of the crime and advised that, in determining whether this intent had been established, the jury could take into account all of the facts and circumstances of the case. The instruction correctly stated the applicable law. *State v. Davis*, 72 Wash. 261, 130 Pac. 95.

The judgment is affirmed.

OTT, C. J., HILL, HUNTER, and HALE, JJ., concur.