[No. 39333.   Department One.   August 17, 1967.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT EARL
SHELTON, *Appellant*.*

*Fred Floch*, for appellant (appointed counsel for appeal).
*James R. Thomas* and *R. E. Young*, for respondent.

DENNEY, J.†—Appellant Robert Earl Shelton appeals
from a judgment entered pursuant to a verdict of a jury

*Reported in 431 P.2d 201.

†Judge Denney is serving as a judge pro tempore of the Supreme
Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

finding him guilty of the crime of assault in the first degree. Appellant, while sitting in a tavern in Oroville, was requested to move so that Edwin F. Nelson could secure his pool cue which was kept in a closet, the door to which was immediately behind where appellant was sitting. Appellant did not respond to the request and his chair was moved from in front of the door by a companion. Mr. Nelson secured his cue to play a game of pool with a friend. When about to commence play, appellant brushed against Mr. Nelson stating, "You can't push me around." Appellant pushed Mr. Nelson and then pointed a revolver at him and after backing away to a distance of 5 or 6 feet, took aim and shot Mr. Nelson in the shoulder, inflicting painful but not fatal injuries. Appellant testified that he had been drinking heavily for two days at the time of the offense and remembered nothing of the shooting or what led up to it.

▇ Appellant first contends that the evidence of intent to kill was insufficient to warrant submission of that issue to the jury. Appellant expressed ill will toward Mr. Nelson for a fancied wrong, pushed against him, and immediately drew a revolver, took aim for 5 to 10 seconds and shot at close range toward Mr. Nelson's shoulder and neck. Intent is to be gathered from all the circumstances of the case. The evidence was ample to permit the jury to conclude that the assault was made with an intent to kill. *State v. Mitchell*, 65 Wn.2d 373, 397 P.2d 417 (1964); *State v. Hart*, 118 Wash. 114, 203 Pac. 4 (1921); *State v. Autio*, 78 Wash. 326, 139 Pac. 31 (1914).

▇ Shortly before the trial, and again after the jury had been selected, appellant informed the trial court that he had asked his court-appointed attorney to resign because "I couldn't put my confidence in . . . [him]." Appellant gave no reason for his lack of confidence in his counsel; pointed to no area of disagreement between them; and failed to point out wherein counsel had in any way failed or refused to adequately advise or aid him in his defense. Furthermore, the request came after court-appointed counsel had prepared the case for trial. It is

inferable that delay may have been appellant's motive in making the request. The determination of whether or not the dissatisfaction with his court-appointed counsel by an indigent accused person is justified and warrants appointment of another attorney rests in the sound discretion of the trial court. *State v. Lytle, ante* p. 83, 426 P.2d 502 (1967). We find no abuse of discretion here.

There is no suggestion that counsel did not discharge his duty toward appellant in an efficient manner. We find that appellant was well represented by counsel who did everything which the best traditions of his profession demanded. Appellant's right to a fair trial was protected in every essential particular. *State v. Lei,* 59 Wn.2d 1, 365 P.2d 609 (1961); *State v. Stockman,* 70 Wn.2d 941, 425 P.2d 898 (1967).

Appellant's defense was that he was so intoxicated that he could not form the requisite criminal intent. The trial court sustained objections of the prosecuting attorney to questions relative to details of episodes of intoxication during the life of appellant. It is contended that this was error. Appellant was permitted to testify that he commenced drinking intoxicants to excess when 12 or 13 years of age and had continued to do so at every opportunity to the time of trial when he was 24 years of age. On some occasions he drank to the extent of passing out and being unable to remember what had transpired. He was further permitted to testify that he commenced drinking on the day before the shooting and continued to do so the next day; that he had nothing to eat on the night before and the day of the offense; and that he was so intoxicated he could remember nothing regarding the shooting. We find no error in refusing to allow recital of further details of drinking sprees over a period of years. Appellant was allowed to develop every fact which had any bearing upon whether or not he was so intoxicated as to be unable to formulate an intent to kill and whether or not he was in an alcoholic blackout at the time of the offense. While evidence of the details of his alcoholic past might be admissible if insanity or mental

irresponsibility were issues in the case, such were not alleged as defenses.

Appellant's desire to introduce the excluded testimony of his propensity to drink was apparently an attempt to raise an additional defense to be based on a showing that he was an alcoholic. This same theory was the basis of an instruction proposed to the court by appellant and rejected by it. Our discussion of the proposed instruction applies to both the propriety of its refusal and the exclusion of the proffered testimony.

The requested instruction which the trial court refused to give stated:

> You are instructed that a person who is an alcoholic cannot be punished for a crime he commits which is a direct result of his being an alcoholic, therefore, if you find that the defendant is an alcoholic and committed the alleged crime as a direct result of his being an alcoholic, you must find the defendant not guilty. (Proposed Instruction No. 2.)

■ Appellant cites no authority for his request. It proposes the novel doctrine that one who commits a crime as a result of being an alcoholic cannot be punished. An alcoholic may at different times be in varying degrees of intoxication, and may at times be sober. As a defense to an accusation of crime (in the absence of insanity or mental irresponsibility), the issue is not whether or not the perpetrator is an alcoholic, but whether or not the person is intoxicated to the extent of being unable to form the intent which is an element of the crime charged.

No attempt was made to show that the fact that one is an alcoholic can preclude him from forming a criminal intent. The requested instruction is not consistent with the statute dealing with intoxication as a defense to an accusation of crime, RCW 9.01.114, which reads as follows:

> Intoxication no defense. No act committed by a person while in a state of voluntary intoxication shall be deemed less criminal by reason of his condition, but whenever the actual existence of any particular purpose, motive or intent is a necessary element to constitute a particular species or degree of crime, the fact of his intoxication

may be taken into consideration in determining such purpose, motive or intent.

The same test should be applied to a defendant who is addicted to the intemperate use of intoxicating liquor to the extent that he may be classified an alcoholic as to another defendant who is not so addicted. The jury was properly instructed, in the terms of the statute, on the proper consideration to be given to intoxication in determining whether or not appellant was guilty of assault in the first degree.

■ Appellant also contends that making an alcoholic responsible for his acts constitutes cruel punishment which is forbidden by art. 1, § 14 of the Washington State Constitution and amendments 8 and 14 of the federal constitution. Appellant was not accused of being an alcoholic. He was accused of shooting Edwin Nelson with intent to kill him. It is not cruel or unusual punishment to convict one of such a crime if he was able to form the requisite intent even if he suffered from alcoholism. There was no error in refusing the requested instruction.

Appellant's contention that the gun admitted in evidence was not sufficiently identified is clearly without merit. The gun was seen in appellant's hand at the time of his arrest after the shooting and was picked up off the ground where appellant had been directed to drop it. It was also identified as being a .38 caliber Derringer pistol similar to the one seen in appellant's hand at the time of the shooting.

Instruction No. 9 reads as follows:

> You are instructed that *intent to kill* is an essential element of the crime charged in the Information, and before you can find the defendant guilty of the crime of Assault in the First Degree, the State must have proved that feature of the case to you beyond a reasonable doubt; but in this connection the Court charges you that *intent*, as you, yourself, must know, is a state of mind, and you cannot actually look into a person's mind and see what is there, so *intent* need not necessarily be proved by direct and positive evidence. It may, if the facts justify, be inferred from the evidence.

Appellant contends that the instruction, in effect, tells the jury that appellant is presumed to have intended to kill Mr. Nelson because he shot him. The instruction does not mention any presumption nor does it tell the jury that an intent to kill can be inferred from the fact of shooting. It merely states that intent can be inferred from the evidence if the facts justify. We find no error in the instruction. *State v. St. Peter,* 63 Wn.2d 495, 387 P.2d 937 (1963); *State v. Davis,* 72 Wash. 261, 130 Pac. 95 (1913).

■ During argument the prosecuting attorney made the following remarks:

A 1964 case that came down from our Supreme Court had this same defense about drunkenness in it. They tried to raise that on a First Degree Assault case. This happened to be a case where a man shot a woman and he had threatened to shoot her before he shot her; he was convicted of First Degree Assault by a jury and they appealed the case to the Supreme Court and our court said: "The evidence further indicates that although defendant had consumed a substantial amount of alcohol, he was able to move about and around in the various areas of the dance club and to aim and fire the weapon involved, and the question of the degree and effect of his intoxication upon the formation of an intent to kill clearly became an issue for the jury under the provisions of law."

Counsel for appellant objected to the argument and moved for a mistrial. In denying this motion, the trial court admonished the jury as follows:

Well I will deny that but I will instruct the jury it is improper for counsel to read from the law book. The Court has given you what the law is in his Instructions and you should entirely disregard any statements that counsel made on that; you didn't hear the case involved there. It was a different case and it has nothing to do with this case. You consider only the law that has been given you in the Instructions and apply it to the facts you find in this case and not any other case.

The argument was clearly improper. The court determines questions of law and imparts the law of the case to the jury by means of instructions. RCW 10.46.070. Therefore, coun-

sel cannot be permitted to read from a court decision. *State v. Brown,* 35 Wn.2d 379, 213 P.2d 305 (1949); *State v. Rholeder,* 82 Wash. 618, 144 Pac. 914 (1914).

We are constrained to hold, however, that the admonition of the court was adequate to overcome any prejudice to appellant. In the case of *State v. Brown, supra,* we said at 384-85:

> The practice of arguing questions of law to the jury, other than to read instructions which have been given by the court, is not favored, and the trial court may refuse to permit such argument. *Ryan v. Lambert,* 49 Wash. 649, 96 Pac. 232. But a case should not be reversed for this reason alone, unless it is manifest that prejudicial effects resulted therefrom. *Gallagher v. Buckley,* 31 Wash. 380, 72 Pac. 79; *Williams v. Spokane Falls & Northern R. Co.* 39 Wash. 77, 80 Pac. 1100, modified on other grounds in 42 Wash. 597, 84 Pac. 1129.

In this case, the quotation read to the jury by the prosecuting attorney did no more than state that the testimony on intoxication was an issue for the jury's consideration. A different question would be presented had the reference to the case, or the quotation from it, in any way reflected an opinion of this court on the defense of intoxication.

Appellant had a fair trial. The judgment is affirmed.

FINLEY, C. J., WEAVER, HAMILTON, and HALE, JJ., concur.