[Nos. 7519-2-III; 8722-1-III.   Division Three.   October 8, 1987.]

THE STATE OF WASHINGTON, *Respondent*, v. ANTHONY
GERARD FLECK, *Appellant*.

*In the Matter of the Personal Restraint of*
ANTHONY GERARD FLECK, *Petitioner*.

*Richard L. Cease, Public Defender,* and *Alfred Kitching, Assistant,* for appellant.

*Donald C. Brockett, Prosecuting Attorney,* and *Clark Colwell, Deputy,* for respondent.

THOMPSON, A.C.J.—Anthony Fleck appeals his conviction for one count of armed robbery, alleging ineffective assistance of counsel. He also has filed a personal restraint petition seeking a superior court reference hearing. We deny his petition and affirm.

Mr. Fleck was charged with five counts of first degree robbery and one count of conspiracy to commit first degree robbery. His trial was joined with that of an alleged coparticipant in some of the crimes. Mr. Russell Van Camp was retained as counsel for Mr. Fleck from the time charges were first filed.

On the date set for trial, Mr. Van Camp sought to withdraw as counsel. An in camera meeting was held with Judge Kelly at which Mr. Van Camp revealed that his client had originally lied to him about his involvement in the crimes, and that information he had obtained convinced him his client was involved and planned to testify falsely at trial. One of Mr. Van Camp's clients, while in jail, heard Mr. Fleck say he was involved in the robberies and was taking advantage of "his Christian attorney". When confronted by Mr. Van Camp, Mr. Fleck agreed to a polygraph examination. According to Mr. Van Camp, the polygraph operator told him Mr. Fleck had confessed and was not being truthful with Mr. Van Camp. When confronted, Mr. Fleck did

not deny the allegations, apologized, but insisted on testifying, according to Mr. Van Camp. Finding himself on the horns of a dilemma, the attorney saw no choice but to withdraw.

Judge Kelly, after more discussions with counsel and with the defendant, denied the motion to withdraw and also denied Mr. Fleck permission to dismiss his attorney. He then required Mr. Van Camp to continue representing Mr. Fleck, although he noted if the defendant did testify, he would decide the question of how counsel was to approach questioning Mr. Fleck at the appropriate time.

Ultimately, Mr. Fleck was acquitted of all but count 2, an armed robbery of a Pizza Hut restaurant on April 29, 1985, at approximately 9:45 p.m. An alibi witness testified Mr. Fleck was at a barbecue at her house until 11 p.m. that evening. If he had testified, Mr. Fleck would have corroborated the alibi witness' testimony, and would have denied robbing the Pizza Hut, according to his attorney.

█ The first issue is whether Mr. Fleck was denied effective assistance of counsel by Mr. Van Camp's motion to withdraw and pretrial disclosure of potential perjury. The federal and state constitutions guarantee criminal defendants effective assistance of counsel. However, while defendants have a lawful right to effective representation, they do not have a right to unlawful representation. *See Nix v. Whiteside*, 475 U.S. 157, 89 L. Ed. 2d 123, 106 S. Ct. 988 (1986).

In *Nix* the Court held that because a criminal defendant does not have a right to commit perjury, an attorney may respond to his client's plan, if necessary, by seeking to withdraw or even revealing to the court the potential for perjury. In addition, RPC 3.3, in conjunction with RPC 1.6, requires an attorney to disclose his client's plan of perjury to the court if necessary to avoid assisting such a criminal act.

In *State v. James,* 48 Wn. App. 353, 366–68, 739 P.2d 1161 (1987), it was noted that an attorney should have a firm basis for believing his client plans perjury, and should

first communicate his suspicions to his client and attempt to dissuade him before revealing his knowledge to the court. Otherwise, there is a serious conflict between defense counsel's loyalty to his client and his perceived ethical obligations.

Here, the record reveals Mr. Van Camp had an adequate basis for his belief, and attempted to persuade Mr. Fleck not to testify falsely before he advised the trial judge of his concerns and sought to withdraw. First, he received information from a jailhouse informer who told him that Mr. Fleck was admitting involvement in the robberies and making it known in the jail that he was taking advantage of his "Christian attorney". The person went into great detail about the robberies. Mr. Van Camp then confronted the defendant, who again denied involvement but agreed to a polygraph examination to dispel Mr. Van Camp's doubts. Although Mr. Fleck disputes whether he ever "confessed" to the polygraph operator, as noted by his attorney on appeal, it is clear from the record whatever occurred heightened Mr. Van Camp's belief his client planned to perjure himself. Finally, when confronted with the polygraph results, Mr. Fleck did not deny lying, and apologized to his attorney. Mr. Van Camp told the defendant he could still represent him but could not allow him to mislead the court or jury. Mr. Fleck, however, continued to insist on testifying. Unlike the attorney in *State v. James, supra,* Mr. Van Camp had more than a "gut level belief" his client planned perjury. Reviewing the record, there is no showing that Mr. Van Camp's response was inappropriate, nor does it show any improper or premature disclosure. Ineffective assistance of counsel has not been established on this basis.

The next issue is whether Mr. Fleck was prejudiced by the court's refusal to allow Mr. Van Camp to withdraw. Whether an accused's dissatisfaction with counsel requires a change lies within the sound discretion of the trial court. *State v. Shelton,* 71 Wn.2d 838, 840, 431 P.2d 201 (1967); *State v. Lytle,* 71 Wn.2d 83, 84, 426 P.2d 502 (1967); *State v. Wilkinson,* 12 Wn. App. 522, 524, 530 P.2d 340 (1975).

The rule applies whether counsel is appointed or retained. *Wilkinson,* at 524. *See also* CrR 3.1(e) (no withdrawal of counsel if case set for trial, "except upon written consent of the court, for good and sufficient reason shown").

Here, Judge Kelly conducted a thorough in camera discussion of the issue of withdrawal, and also considered the defendant's wish to terminate Mr. Van Camp's employment. He gave several reasons for denying the request, including: (1) the extensive preparation already engaged in by counsel; (2) counsel's recognition of his duty to zealously represent the defendant and his assurance to the court that he would do so; (3) substitution of counsel would cause delay due to the late hour of the request; and (4) delay would likely cause severance of the trials of the defendant and his codefendant. These are sound reasons for denying counsel's request, and refusing to allow Mr. Fleck to fire counsel; the court did not abuse its discretion.

Pro se, Mr. Fleck asserts Mr. Van Camp lied to Judge Kelly when he said the polygraph operator told him the defendant confessed. Mr. Fleck filed a personal restraint petition seeking a reference hearing on this issue. This court did order a reference hearing in *State v. James, supra,* on a similar issue. However, there the issue could not be resolved on the record. Here, as noted above, there is adequate support for a conclusion Mr. Van Camp proceeded correctly; a reference hearing is unnecessary.

Additionally, Mr. Fleck contends he was denied effective assistance of counsel because Mr. Van Camp committed prejudicial error in his questions and argument concerning Mr. Fleck's prior convictions, and in his late filing of a motion for a new trial. These contentions are tested under the *Strickland v. Washington,* 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984) test for ineffective assistance of counsel, *i.e.,* (1) whether defense counsel's performance fell below an objective standard of reasonableness, and (2) whether this deficiency prejudiced the defendant.

It is apparent from the record that although the court

granted a motion in limine precluding the State from inquiring into defendant's prior convictions, Mr. Van Camp had a tactical reason to develop the issue. In his opening statement, he argued Mr. Fleck was a suspect *because* his name appeared on a rap sheet. Mr. Van Camp portrayed his client as a person who was rehabilitated and becoming a "new Christian". His decision to reveal Mr. Fleck's record, thus opening the door to allowing the State to elaborate, was a tactical decision; deficient performance is not shown. *See State v. Adams,* 91 Wn.2d 86, 90, 586 P.2d 1168 (1978).

Finally, the late motion for a new trial, though it may demonstrate a lax compliance with time constraints on the part of counsel, was not prejudicial. In fact, in light of the record, granting a new trial would have been error. Mr. Fleck was acquitted of five of the six counts charged. The evidence was substantial on the remaining count. Although by not testifying, Mr. Fleck was unable to corroborate the testimony of his alibi witness, Mr. Van Camp's explanation for not wanting him to testify was sufficient.

We therefore affirm Mr. Fleck's conviction and deny his personal restraint petition.

GREEN and MUNSON, JJ., concur.

Review denied by Supreme Court February 1, 1988.