

FILED
COURT OF APPEALS DIV 1
STATE OF WASHINGTON

2014 SEP 22 AM 9: 46

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 70651-9-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID JONES, JR., | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: September 22, 2014 |
| | ) | |

VERELLEN, J. — Appointed counsel asked to withdraw from representing David Jones, Jr., who sought to withdraw his guilty plea. Because Jones alleged that his counsel misstated the terms of the plea agreement, his attorney argued she had a conflict of interest. But Jones's reasons for his dissatisfaction with counsel did not demonstrate a genuine claim of ineffective assistance of counsel or any other compelling conflict of interest. We conclude the trial court did not abuse its discretion in declining to allow substitute counsel. Accordingly, we affirm.

## FACTS

In July 2012, Jones pleaded guilty to criminal solicitation to commit a violation of the Uniform Controlled Substances Act, namely, delivery of a controlled substance, in violation of RCW 9A.28.030 and RCW 69.50.401(1), (2)(a). After Jones failed to appear for the August 2012 sentencing, Jones's appointed attorney, Miguel Duran, and his public defense agency, Northwest Defenders Association (NDA), withdrew from representing Jones.

When Jones was arrested on the outstanding warrant for his failure to appear, Duran no longer worked for NDA. Attorney Kari Boyum, also with NDA, filed a notice of appearance on Jones's behalf. At a June 7, 2013 hearing, Boyum asked to withdraw, explaining that Jones wished to pursue a motion to withdraw his guilty plea based on Duran's alleged ineffective assistance. Boyum argued that a conflict of interest precluded her from representing Jones in the claim against Duran or even from advising Jones whether he had a valid ineffective assistance claim. The trial court inquired directly from Jones about the basis for withdrawing his guilty plea. Jones indicated that, after discussions with Duran, he had misunderstood that he could not request a drug offender sentencing alternative (DOSA):

> [H]e told me that the prosecutor wasn't, you know, in agreement with me having [a DOSA]. . . . [H]e was like . . . you can't ask for, you know, treatment, you know, which is like the inpatient one year or whatever. . . . I didn't know he was talking about other stuff. And . . . he said that we can, you know, talk around it, you know, and things like that. . . . And so going in I'm thinking that I can ask for it, but like—but I guess that's not true.[1]

The trial court provisionally denied Boyum's motion to withdraw, stating that Jones's comments suggested that defense counsel correctly informed Jones that there was a limitation on his ability to request a DOSA. The trial court indicated that it would reconsider its decision if the motion to withdraw was supported by a declaration from Jones articulating the basis for the anticipated ineffective assistance of counsel claim.

Boyum filed a memorandum regarding her motion to withdraw, but Jones did not provide a declaration or other evidence supporting his ineffective assistance of counsel claim. The trial court once again denied Boyum's request to withdraw, concluding that

---

[1] Report of Proceedings (June 7, 2013) at 6-8.

Jones failed to make a prima facie showing of ineffective assistance of counsel that would create a conflict of interest. Jones was sentenced to a term of 54 months of imprisonment.[2]

Jones appeals.

## DISCUSSION

Jones contends that the trial court's denial of his counsel's motion to withdraw due to a claimed conflict of interest violated Jones's constitutional rights to conflict-free counsel.[3] We disagree.[4]

When a defense attorney notifies the trial court that he has a potential conflict of interest, the court must appoint substitute counsel or take adequate steps to ascertain whether the risk of a conflict of interest is too remote to warrant new counsel.[5] A defendant's allegation of ineffective assistance does not create an inherent conflict of interest automatically requiring the court to allow defense counsel's withdrawal and to appoint substitute counsel.[6] "[I]f a defendant could force the appointment of substitute

---

[2] The trial court expressly considered whether to impose a DOSA, but it declined to do so because Jones reoffended while serving an earlier DOSA and he failed to appear at sentencing.

[3] U.S. CONST. amend. VI; WASH. CONST. art. I, § 22

[4] Jones does not argue that Boyum personally had a conflict of interest, only that Duran's alleged conflict of interest should be imputed to Boyum. The parties, citing Rules of Professional Conduct 1.10(b), assume that Duran's alleged conflict of interest would be imputed to Boyum despite the fact that Duran was no longer associated with NDA. In this appeal, it is unnecessary for us to decide whether a conflict of interest between Jones and Duran would truly be imputed to Boyum.

[5] See Holloway v. Arkansas, 435 U.S. 475, 484, 98 S. Ct. 1173, 55 L. Ed. 2d 426 (1978); see also Cuyler v. Sullivan, 446 U.S. 335, 346-49, 100 S. Ct. 1708, 64 L. Ed. 2d 333 (1980).

[6] State v. Rosborough, 62 Wn. App. 341, 346, 814 P.2d 679 (1991) (quoting State v. Stark, 48 Wn. App. 245, 252, 738 P.2d 684 (1987)).

counsel simply by expressing a desire to raise a claim of ineffective assistance of counsel, then the defendant could do so whenever he wished, for whatever reason."[7]

Instead, the trial court must conduct a thorough examination of the circumstances to determine whether new counsel must be appointed.[8] The court should consider (1) the reasons given for the dissatisfaction; (2) the court's own evaluation of counsel; and (3) the effect of any substitution upon the scheduled proceedings.[9] "Whether an accused's dissatisfaction with counsel requires a change lies within the sound discretion of the trial court."[10]

Boyum moved to withdraw because Jones wanted to assert that Duran rendered ineffective assistance by misinforming him about the prospects of obtaining a DOSA under the plea agreement. But the plea documents expressly state that the defendant will not request a DOSA and, at the plea hearing, Jones said that he understood that he could not ask for a DOSA. Furthermore, Jones's statements to the trial court when Boyum moved to withdraw indicate that Duran accurately informed Jones about the plea agreement's restriction on requesting a DOSA.

Jones submitted no evidence suggesting that Duran provided incorrect advice regarding any consequences of Jones's guilty plea. Thus, Jones failed to establish a prima facie case of deficient performance of counsel that would provide a basis for the

---

[7] Stark, 48 Wn. App. at 253.

[8] See State v. Varga, 151 Wn.2d 179, 200-01, 86 P.3d 139 (2004); Rosborough, 62 Wn. App. at 347-48.

[9] State v. Stenson, 132 Wn.2d 668, 734, 940 P.2d 1239 (1997); Stark, 48 Wn. App. at 253.

[10] State v. Fleck, 49 Wn. App. 584, 587, 744 P.2d 628 (1987); see State v. Shelton, 71 Wn.2d 838, 840, 431 P.2d 201 (1967).

withdrawal of his guilty plea. Neither Jones nor Boyum identified any other conflict of interest that compromised Boyum's representation of Jones. In light of the reasons given by Jones for his dissatisfaction with counsel and the trial court's own evaluation of counsel, we conclude the trial court did not abuse its discretion in declining to appoint substitute counsel.

Affirmed.

WE CONCUR:

Trickey, J

Spearman, C.J.