IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 35484-9-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOSE PEDRO LINARES, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Jose Linares appeals from a conviction for third degree assault of a corrections officer, challenging the trial court's failure to appoint a new attorney for him and the decision to run his sentence consecutive to an earlier conviction. We affirm.

FACTS

Mr. Linares was incarcerated in the Yakima County Jail awaiting trial on a charge of second degree assault. On the evening of April 27, 2016, Mr. Linares punched a corrections officer, Daniel Jennings. A charge of third degree assault for this incident was filed the following week. The attorney representing Mr. Linares on the second degree assault charge also was appointed counsel to represent him on the new third degree assault charge.

Defense counsel moved for six continuances of the third degree assault trial in order to conduct an investigation and interview witnesses.[1] Mr. Linares on twelve occasions sought to have a new attorney appointed to represent him, arguing that he did not want his case continued and that he and his attorney were not communicating. However, the only reason he gave to explain the lack of communication was that he did not want to speak to his attorney. The attorney likewise explained to the court that his client refused to discuss the case with him. Finding lack of good cause to change counsel, the court denied the request.

Mr. Linares was convicted of second degree assault in the original case and sentenced for that offense on May 25, 2017. This case proceeded to jury trial beginning May 30, 2017. On both days of the trial, Mr. Linares informed the court he would not attend and trial was conducted in his absence. The jury convicted Linares of assaulting Officer Jennings.

The matter came on for sentencing on June 9, 2017. By that time, the newest charge had also been resolved by guilty verdict and both third degree assault charges awaited sentencing. When the court again declined to appoint new counsel, Mr. Linares

---

[1] In the course of awaiting trial on the charges, Mr. Linares assaulted another corrections officer, Juan Calva, on December 18, 2016. That action resulted in the filing of an additional third degree assault charge and is the subject of the linked appeal in *State v. Linares*, No. 35485-7-III. Mr. Linares was represented by the same attorney at all three trials.

kicked his attorney and was led back to jail. The attorney ultimately was replaced and sentencing conducted on the two third degree assault counts on August 1, 2017.

The trial court sentenced Mr. Linares to concurrent 60 month prison terms for the two third degree assault convictions and directed that those sentences be served consecutively to the second degree assault sentence. Mr. Linares timely appealed each case.

This court linked the two cases for resolution without hearing oral argument.

ANALYSIS

This appeal presents two issues. Mr. Linares first contends that the court erred in failing to grant him a new attorney. He also argues that the sentence needed to be served concurrently with the second degree assault conviction. We address the two arguments in the order listed.[2]

*Request for New Attorney*

Mr. Linares initially contends that the court erred in refusing to grant him a new attorney for trial. Since he did not present a legitimate reason for replacing counsel, there was no error.

The law and the corresponding standard of review for this issue both are well settled. If a criminal defendant is dissatisfied with appointed counsel, the defendant must

---

[2] Because the briefs in this file and in No. 35485-7-III are virtually identical, the opinions in these cases likewise are nearly identical.

show good cause to warrant substitution of counsel, such as a conflict of interest, an irreconcilable conflict, or a complete breakdown in communication between the attorney and the defendant. *State v. Stenson*, 132 Wn.2d 668, 734, 940 P.2d 1239 (1997). This court reviews a denial of a request for new counsel for abuse of discretion. *Id.* at 733. Typically, discretion is abused when it is exercised on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

However, even a breakdown in communication is insufficient to warrant substitution of counsel when a defendant "simply refuses to cooperate with his attorneys." *State v. Schaller*, 143 Wn. App. 258, 271, 177 P.3d 1139 (2007). In that regard, this case is similar to some earlier decisions.

In *State v. Thompson*, the defendant filed a motion to dismiss counsel due to a conflict of interest and a breakdown in communication; the trial court denied his motion. *State v. Thompson*, 169 Wn. App. 436, 457-464, 290 P.3d 996 (2012). On appeal, this court held that because "the conflict and communication breakdown were attributable entirely to Thompson and could not be reasonably expected to resolve with substitution of counsel, the court did not abuse its discretion by denying Thompson's motions." *Id*. at 463. The *Thompson* court elaborated:

> The collapse of the attorney-client relationship may so degrade the quality of the defense as to deny the accused effective representation. But that was clearly not so here. Despite Thompson's unrelenting insolence, verbal abuse, and refusal to cooperate, [defense counsel] remained a capable and determined advocate. He filed motions to suppress evidence. He

4

vigorously opposed the State's efforts to present evidence of Thompson's past sex crimes. He used cross-examination and closing argument to highlight gaps in the State's evidence. [Defense counsel] even managed to "accommodate Mr. Thompson's view that he was a victim of a conspiracy" in the rape case. Tavel, the attorney appointed as liaison counsel, performed Thompson's direct examinations and attempted to minimize the damage resulting from his testimony while still allowing Thompson to express his view of the cases. And during closing arguments, [defense counsel] attempted to explain Thompson's obviously untruthful testimony in a way the jury might understand. Thompson was effectively represented in spite of the breakdown in the relationship.

*Id*. at 463-464 (footnotes omitted).

A similar situation occurred in *State v. Shelton*, 71 Wn.2d 838, 839-840, 431 P.2d 201 (1967). There, the defendant argued that the court erred by denying his request after jury selection to have his counsel resign because he could not put his confidence in the defense counsel. *Id*. Because the defendant "gave no reason for his lack of confidence in his counsel; pointed to no area of disagreement between them; and failed to point out wherein counsel had in any way failed or refused to adequately advise or aid him," there was no abuse of discretion. *Id*. at 839-840.

Here, Mr. Linares refused to explain why he needed a new attorney and simply refused to cooperate. This is an insufficient basis on which to grant a request, and, thus, a very tenable reason to deny it. The trial court did not abuse its discretion by refusing to appoint new counsel.

5

No. 35484-9-III
*State v. Linares*

*Consecutive Sentences*

Mr. Linares also argues that the trial court erred by directing that the third degree assault sentences run consecutively to the second degree assault sentence. The trial court did not abuse its discretion.

Convictions entered or sentenced on the same day as the convictions currently before the court are considered "other current offenses." RCW 9.94A.525(1). The order of sentences under the Sentencing Reform Act of 1981 (SRA) is controlled by RCW 9.94A.589. Subsection (1) of that statute directs that sentences imposed on the same day be served concurrently. With respect to sentences imposed at an earlier time, subsection (3) is the governing provision. RCW 9.94A.589(3) expressly states that a trial judge has discretion to impose a consecutive sentence when entering a judgment and sentence after another judgment was previously entered. When the judge fails to expressly state the order of sentences, they run concurrently. *Id*. Under this provision, the trial court has "total discretion" in the ordering of a sentence. *State v. Klump*, 80 Wn. App. 391, 396, 909 P.2d 317 (1996) (citing cases).

The two third degree assault convictions ran concurrently with each other since they were imposed on the same day. RCW 9.94A.589(1). Those sentences were imposed nine weeks after the second degree assault sentence. Accordingly, the decision to run the third degree assault sentences consecutively to the term of the second degree assault sentence was within the trial court's discretion. RCW 9.94A.589(3).

6

No. 35484-9-III
*State v. Linares*

The conviction and sentence are affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

Korsmo, J.

WE CONCUR:

Fearing, J.

Siddoway, J.

7